Betty Bell Huelsman v. Commissioner.
Huelsman v. Commissioner
Docket No. 3343-67.
United States Tax Court
T.C. Memo 1968-95; 1968 Tax Ct. Memo LEXIS 205; 27 T.C.M. (CCH) 436; T.C.M. (RIA) 68095; May 22, 1968. Filed *205 Henry J. Burt, Jr., 1515 Kentucky Home Life Bldg., Louisville, Ky., for the petitioner. Dennis M. Feeley, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined deficiencies against petitioner for the taxable years 1963 through 1965 as follows: Year
Deficiency
Addition to taxunder Sec. 6653(b) [1]
1963
$ 7,291.16
$3,645.58
1964
2,027.10
1,013.55
1965
15,871.41
7,935.71
Respondent having conceded that petitioner is not subject to the additions to tax under section 6653(b) on the ground of fraud, the sole issue before us is whether the petitioner is liable for deficiencies in income tax arising out of the failure to include joint returns of herself and her former husband funds embezzled by the husband. Findings of Fact Petitioner resided in Louisville, Kentucky, at the time of the filing of the petition herein. She and her former husband, Alfred J. Huelsman, filed cash basis joint Federal income tax returns for the years involved with the district director of internal revenue, Louisville, Kentucky. Petitioner was married to Alfred J. Huelsman throughout the taxable years *206 involved herein. Petitioner filed suit for divorce on April 27, 1966, and a judgment of divorce was granted on February 3, 1967. Since that time petitioner has worked to support herself and the teen age son of the marriage. Her earnings have been meager. Alfred J. Huelsman received substantial sums during the taxable years involved herein which he had obtained under false pretenses. He was indicted and found guilty, on November 10, 1965, by the Circuit Court of Jefferson County, Kentucky, of the crime of obtaining money under false pretenses. Petitioner took no part in and had no knowledge of her former husband's 437 criminal actions or of the existence of such funds. She did not directly or indirectly receive any benefit from the funds so obtained. The funds obtained by petitioner's former husband were not reported in the joint returns filed by them for the years involved herein. Petitioner voluntarily signed those returns. Opinion The fruits of the criminal actions of petitioner's former husband are clearly taxable income and petitioner does not contend otherwise. . Petitioner's liability for the deficiencies asserted herein stems from *207 section 6013(d)(3) which specifies that "if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." (Emphasis added.) No exceptions are provided. This case is controlled by our decision in , where the taxpayer was held liable for both deficiencies and additions to tax for fraud arising out of the failure to include in income the proceeds of her former husband's peculations. Here, at least, the addition to tax for fraud is not involved. We have no equitable power to grant relief to petitioner, however distasteful the result herein may appear. , affirmed per curiam (C.A. 5, 1967). All we can do is emphasize what we said in : Although we have much sympathy for petitioner's unhappy situation and are appalled at the harshness of this result in the instant case, the inflexible statute leaves no room for amelioration. It would seem that only remedial legislation can soften the impact of the rule of strict individual liability for income taxes on the many married women who are unknowingly subjected *208 to its provisions by filing joint returns. Decision will be entered under Rule 50. Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended.↩