**Betty Bell WISSING, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 20775.**

United States Court of Appeals, Sixth Circuit.

April 13, 1971.

Henry J. Burt, Jr., Louisville, Ky., for petitioner-appellant.

Richard W. Perkins, Atty., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee; Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Paul M. Ginsburg, Attys., Tax Div.; Dept. of Justice, Washington, D. C., on brief.

Before WEICK, CELEBREZZE, and BROOKS, Circuit Judges.

ORDER

PER CURIAM.

This appeal is from a decision of the Tax Court that the appellant is jointly and severally liable with her ex-husband for income taxes on unreported income in 1963, 1964, and 1965, under authority of section 6013(d) (3) of the Internal Revenue Code of 1954, 26 U.S.C. § 6013 (d) (3), which unequivocally provides that "if a joint return is made, * * * the liability with respect to the tax shall be joint and several." It is undisputed that the appellant's husband embezzled more than $100,000 over a three year period which constituted taxable, but unreported income. Appellant had no knowledge of her husband's activities and did not derive any benefit from the embezzled funds. However, she did sign the joint tax returns with her husband for the tax years in question. The Tax Court found that the appellant had signed the joint tax returns in these years voluntarily, and while recognizing that the result mandated by the statute was harsh, entered judgment in favor of the Commissioner. Huelsman v. Commissioner, 27 T.C.M. 436 (1968). On appeal, this court was dissatisfied with the "skimpy record" in support of the finding that appellant had voluntarily signed the returns, and remanded the case for further proceedings on that issue. Huelsman v. Commissioner, 416 F. 2d 477 (6th Cir. 1969). On remand, the Tax Court held further hearings and made supplemental findings of fact which again found the signatures to have been voluntarily executed. Wissing (formerly Huelsman v. Commissioner, 54 T.C. 1428 (1970). Taxpayer again appeals from this decision.

Subsequent to the last decision of the Tax Court in this cause, Congress endeavored to remedy the harshness of sec-

tion 6013 by enacting Public Law No. 679, 91st Cong., 2nd Sess., 84 Stat. 2063 (January 12, 1971). Under the terms of this amendment, a spouse signing a joint tax return shall not be jointly and severally liable for any omission from gross income if the amount is in excess of 25 per cent of the gross income stated in the return if the spouse did not know or have reason to know of the omission, and if the spouse did not directly or indirectly benefit from the funds represented by the omitted amount. The Commissioner of Internal Revenue has conceded that Congress has, by making this amendment to section 6013 retroactive, relieved appellant from all tax liability in the instant proceeding with respect to income tax deficiencies for the years 1963 and 1965 because the omissions in those years exceeded 25 per cent of the gross income stated in the tax returns.

The omission, however, for 1964 was less than 25 per cent of the gross income stated in the return and applying the recently enacted statute, the appellant is not absolved from tax liability for the deficiencies assessed for the year 1964.

Appellant further argues that the case should be remanded to enable her to challenge the disallowance of interest and charitable contribution deductions in tax year 1964. We think this contention is without merit, since appellant has had ample opportunity to raise these contentions in the previous proceedings before the Tax Court and chose not to do so.

It is therefore ordered that the decision of the Tax Court be vacated; that judgment be entered in favor of the appellant and against the government with respect to the deficiencies asserted for the tax years 1963 and 1965; and that judgment be entered in favor of the government and against appellant with respect to the deficiencies in tax year 1964.