Sam Shapolsky and Adele Shapolsky v. Commissioner.
Shapolsky v. Commissioner
Docket Nos. 94043, 4603-67.
United States Tax Court
T.C. Memo 1972-62; 1972 Tax Ct. Memo LEXIS 195; 31 T.C.M. (CCH) 260; T.C.M. (RIA) 72062; March 6, 1972, Filed. *195 Leonard Bailin, 600 Old County Rd., Garden City, N. Y., for the petitioners. Agatha Vorsanger, for the respondent. FAY
Supplemental Memorandum Findings of Fact and Opinion FAY, Judge: In our Memorandum Findings of Fact and Opinion in Sam Shapolsky, T.C. Memo. 1971-37, filed February 24, 1971, we sustained respondent's determination of substantial deficiencies and additions to tax for fraud for the years 1955 through 1958. It was specified that decisions would be entered under Rule 50. The decisions have not yet been entered by reason of petitioners' motion to relieve Adele Shapolsky of liability as an innocent spouse under the recently enacted section 6013(e) [1] and recently amended section 6653(b). A hearing was held on petitioners' motion in New York, N. Y., and memorandum briefs were subsequently filed. The question we must now consider is whether petitioner Adele Shapolsky is relieved of liability for the deficiency and the fraud penalty under sections 6013(e) and 6653(b). Findings of Fact Sam Shapolsky and Adele Shapolsky (hereinafter referred to *196 as Adele or petitioner) were married in 1937, and this marriage has continued until the present time. They have two children by their marriage. During the years 1950 through 1960 Sam Shapolsky and his brother, Martin, were engaged in the real estate business as the Eagle Realty Associates. They maintained an office for a portion of that time at 608 East 11th Street, New York, N. Y. Adele was never a stockholder, officer, or employee of any corporation or enterprise in which her husband was involved and was never at any time involved in Sam's business affairs. She visited his office infrequently, and with one minor exception all of these visits were purely social. A small portion of the income shown on the joint returns for the years in question came from income-producing assets held by petitioner either individually or jointly with her husband. This income was relatively minor compared with the income attributable to Sam's business activities. The deficiencies in question resulted primarily from omissions attributable to Eagle Realty. None of the omissions resulting from Eagle Realty's income is attributable to Adele. During the period involved herein Adele devoted herself exclusively *197 to her duties as mother and housewife. She had no reason to know the amount of income generated by any of her husband's endeavors. Furthermore, petitioner received no funds beyond the normal amount needed to support her household. At the present time she has no savings accounts in savings banks, stocks, real estate, or any other substantial assets held in her own name or joint names. Adele signed joint returns with her husband for the years in question. She signed these returns at the request of her husband and at no time questioned their content. Opinion In recently enacted P.L. 91-679, enacted January 12, 1971, effective for all taxable years governed by either the 1954 or 1939 Codes, Congress amended section 6653 [2] *198 to provide that a spouse is not to be held liable for a fraud penalty unless some part of the underpayment was due to the fraud 261 of the spouse. Respondent has conceded that Adele should be relieved of liability for the additions to the tax under section 6653(b). The sole issue remaining for determination is the application of section 6013(e) for the years 1955 through 1958. P.L. 91-679 amended section 6013 by adding section 6013(e) which provides that a spouse is to be relieved from liability for tax, interest, and penalties if the following three conditions are satisfied: (A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return, (B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and (C) taking into account whether or not the other spouse significantly benefited directly or indirectly from *199 the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission, * * * This Court's findings in Sam Shapolsky, supra, indicated that the alleged omissions from gross income for the year 1958 were less than 25 percent of the gross income stated in the return. The recently enacted statute cannot be applied to absolve petitioner from tax liability for that year. [3] See Wissing v. Commissioner, 441 F. 2d 533 (C.A. 6, 1971), affirming in part 54 T.C. 1428 (1970). Our remaining concern, therefore, is whether the requirements of section 6013(e) have been met for the years 1955, 1956 and 1957. Respondent has conceded that for these years no part of the omissions resulting from unreported income received from Eagle Realty is attributable to petitioner. In light of the fact that the bulk of the omissions are related to Eagle Realty income, this concession by itself seemingly enables petitioner to meet the requirements of section *200 6013(e)(1)(A) for the years 1955, 1956, and 1957. [4]
For the years in question the requirements of section 6013(e)(1)(B) have been met. We have carefully considered all of the evidence in the previous trial and the supplemental hearing and have concluded that Adele in signing the joint returns did not know of and had no reason to know of the omissions from those returns. Senate Report No. 91-1537, 91st Cong., 2d Sess. (1970), 1971-1 C.B. 606, 607, in discussing the burden of proof of the innocent spouse as to this issue states: "It is intended that the spouse in such a situation, will have the usual burden of proof (preponderance of the evidence) in this issue." Adele's testimony and the facts *201 and circumstances as revealed in the entire record are sufficient to meet this burden. Cf. Jerome J. Sonnenborn, 57 T.C. 373 (1971). Finally, based on all the evidence adduced at both trials, we are convinced that petitioner did not receive any significant benefit as that term is intended in section 6013(e). [5] Consequently, section 6013(e)(1)(C) has been met. Adele received no benefit other than her normal household support and there is nothing to indicate that she is presently benefiting from the omissions or will benefit from them in future years. The committee reports make it clear that to determine that it would be equitable to hold the spouse liable for the deficiency, we must find at the very least that the innocent spouse has significantly benefited from the omissions. [6] *202 262 Having failed to find that Adele received any significant benefit, we hold that under section 6013(e) she is not liable for the deficiencies attributable to the omissions in question. Petitioner is entitled to relief as prescribed by section 6013(e). Decisions will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended by the 1969 Tax Reform Act, unless otherwise indicated.↩
2. SEC. 6653. FAILURE TO PAY TAX. (b) Fraud. - If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a). In the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse.
3. ↩
Year
Total Income Reported on Return
Omitted from Gross Income as Stated in Deficiency Notice
1958
$53,113.18
$11,422.76
4. We must note that as to the years 1955, 1956, and 1957 Adele is not entitled to relief under sec. 6013(e) for omissions attributable to her personal income or income of the marital community. "Since income of this latter type is not 'attributable to one spouse,' a spouse would not be entitled to relief from any tax liability attributable to its omission from gross income." S. Rept. No. 91-1537, 91st Cong., 2d Sess. (1970), 1971-1 C.B. 606, 608; see also Jerome J. Sonnenborn, 57 T.C. 373↩ (1971).
5. S. Rept. No. 91-1537, 91st Cong., 2d Sess. (1970), 1971-1 C.B. 606, 607: It is not intended that the term "benefit" as used here include ordinary support of the innocent spouse. Unusual support or transfers of property to the spouse would * * * constitute "benefit" * * *. ↩
6. S. Rept. No. 91-1537, supra at 608: For the spouse to be prevented from obtaining relief there must * * * be a finding that the benefit was "significant" * * *.