WAYNE R. AND JOAN L. COLELLA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Colella v. Commissioner
Docket No. 4789-92
United States Tax Court
T.C. Memo 1993-375; 1993 Tax Ct. Memo LEXIS 399; 66 T.C.M. (CCH) 452; August 23, 1993, Filed *399 An appropriate order and decision will be entered sustaining respondent's determinations as to petitioners and granting respondent's motion for entry of decision as to petitioner Joan L. Colella. For Wayne R. Colella, petitioner: Louise A. Jackson. For respondent: Jeffry J. Erney. CHIECHI
CHIECHI
MEMORANDUM FINDINGS OF FACT AND OPINION CHIECHI, Judge: Respondent determined the following deficiencies in, and additions to, petitioners' Federal income tax: Additions to Tax
Section
Section
Section
Section
Year
Deficiency
6653(a)(1)(A) [1]
6653(a)(1)(B)
6653(a)(1)
6661(a)
1987
$ 28,034
$ 1,402
*  $   -- $ 7,009
1988
39,167
-- --
1,958
9,792
The issues for decision are: (1) Should petitioners' taxable income for each of the years 1987 and *400 1988 be increased in the amounts of the Schedule C adjustments made by respondent in the notice of deficiency? We hold that it should. (2) Are petitioners liable for each of the years 1987 and 1988 for the additions to tax for negligence? We hold that they are. (3) Are petitioners liable for each of the years 1987 and 1988 for the addition to tax for substantial understatement of income tax? We hold that they are. FINDINGS OF FACT Some of the facts have been stipulated and are so found. [2] Petitioners resided in Bryan, Ohio, at the time the petition was filed. Petitioners filed joint Federal income tax returns for each of the years 1987 and 1988. *401 During the years at issue, petitioner [3] was an employee of Lutheran Brotherhood (Lutheran). As an employee of Lutheran, petitioner acted as its agent in selling various forms of insurance and financial investments to clients/investors. Petitioner's responsibilities as an employee of Lutheran included making sales to clients/investors, receiving funds from clients, and forwarding funds to Lutheran. On January 20, 1987, and on February 1, 1988, petitioner signed a document entitled "Annual Fiduciary Responsibility Statement" in which he agreed to conduct himself and his activities in accordance with the Lutheran Brotherhood Field Force Fiduciary Responsibility Policy (the Policy) which applied to all agents of Lutheran. Pursuant to the Policy, petitioner agreed, among other things, to receive any premiums or payments he collected in trust in a fiduciary capacity, not to use for personal or other purposes any such premiums or payments, and to keep *402 separate from his own personal or business funds any moneys of Lutheran and of any customer or potential customer [4] of Lutheran. The Policy made clear that petitioner was obligated to pay such moneys immediately to Lutheran. It indicated that any personal use of funds before remitting them to Lutheran would be considered commingling of funds and a violation of the fiduciary relationship between petitioner and Lutheran. The Policy provided that any form of misuse, misappropriation, or defalcation of moneys of Lutheran or of any customer of Lutheran would constitute a default of the contract between the agent and Lutheran. In the case of such default, Lutheran was to have the option, in addition to mandatory immediate termination and the enforcement of restitution, of instituting a formal criminal complaint proceeding against the individual involved. By letter dated April 7, 1989, Lutheran informed petitioner *403 that, based upon an investigation it conducted between January 17 and April 17, 1989, Lutheran determined that petitioner had breached the terms and conditions of his agreement with Lutheran by having knowingly committed fraud, misappropriated a client's funds for his own use, and commingled a client's assets with his own. The letter advised petitioner that his agreement with Lutheran was immediately terminated and that all compensation and any other payments to which he would have otherwise been entitled were forfeited. On October 31, 1989, an indictment was issued by the grand jury of Williams County, Ohio, charging petitioner with three counts of violating Ohio Revised Code sec. 2913.02(A)(2). Count I charged that, on or about September 12, 1988, petitioner committed grand theft by having knowingly, with the purpose of depriving the owner of certain property, exerted control beyond the scope of the express or implied consent of the owner over money in the amount $ 12,133.96. Count II charged that, on or about December 14, 1988, petitioner committed theft by having knowingly, with the purpose of depriving the owner of certain property, exerted control beyond the scope of the *404 express or implied consent of the owner over money in the amount of $ 2,828.95. Count III charged that, on or about September 13, 1988, petitioner committed theft by having knowingly, with the purpose of depriving the owner of certain property, exerted control beyond the scope of the express or implied consent of the owner of money in the amount of $ 3,441.66. On January 16, 1990, petitioner entered a plea of guilty to each of the three counts set forth in the indictment issued against him. On April 10, 1990, petitioner was sentenced by the Court of Common Pleas of Williams County, Ohio, to the Correctional Reception Center in Orient, Ohio, for one year for the offense of grand theft and for one year for each of the two counts of theft, such sentences to be served concurrently with one another. In addition to sentencing petitioner, that court also found (subject to review upon motion of petitioner and a hearing thereon), prima facie, that petitioner was to pay restitution to Lutheran in the amount of $ 66,535. During 1987 and 1988, petitioner commingled with his own personal funds and appropriated to his own use the funds of Lutheran and/or of Lutheran's customers. Neither Lutheran *405 nor Lutheran's customers were aware during the years at issue that petitioner was commingling and appropriating their funds. OPINION Petitioners bear the burden of proving that respondent's determinations in the notice of deficiency are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Schedule C Adjustments
The only Schedule C adjustments for the tax years at issue on which petitioner presented any evidence relate to the funds of Lutheran and/or its customers, which he admitted he commingled and appropriated during each of those years. [5] It is petitioner's position that the appropriated and commingled funds are not includible in income because he intended to repay such moneys as soon as his financial circumstances allowed him to do so. To evidence that intention, petitioner alleges that he did in fact repay some of the moneys that he misappropriated. As we understand petitioner's position, the funds commingled and appropriated by him during 1987 and 1988 were in the nature of loans and are therefore not includible in income. *406 The issue of misappropriated funds as gross income has been addressed by the Supreme Court in James v. United States, 366 U.S. 213 (1961). The taxpayer in that case was a union official who had embezzled funds. In holding that the embezzled funds were includible in income, the Supreme Court observed: When a taxpayer acquires earnings, lawfully or unlawfully, without the consensual recognition, express or implied, of an obligation to repay and without restriction as to their disposition, "he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent" * * * This standard brings wrongful appropriations within the broad sweep of "gross income" * * * [James v. United States, supra at 219. Citations omitted; emphasis added.]
The problem with petitioner's contention that the moneys he commingled and appropriated were loans is that the purported lender (Lutheran and/or Lutheran's customers) was totally ignorant of petitioner's commingling and appropriation. Thus, *407 the alleged loans were unilateral in nature, not consensual, as is required in order to eliminate misappropriated funds from petitioners' income. The mere labeling of nonconsensual appropriations as "loans" does not alter their underlying nature. Consensus requires mutual consent. There simply is no evidence that Lutheran or Lutheran's clients consented to the appropriation by petitioner of their moneys. Consequently, we sustain respondent's determination that the funds commingled and appropriated by petitioner during each of the years 1987 and 1988 are includible in petitioners' income for each such year. [6] See James v. United States, supra at 219; Solomon v. Commissioner, 732 F.2d 1459, 1461 (6th Cir. 1984), affg. per curiam T.C. Memo. 1982-603; Moore v. United States, 412 F.2d 974, 979-980 (5th Cir. 1969); Mais v. Commissioner, 51 T.C. 494, 498-499 (1968). *408 Additions to Tax -- Section 6653(a) and Section 6661
Petitioner argues on brief against imposition of liability for either the additions to tax for negligence or the additions to tax for substantial understatement of income tax. The record does not support petitioner's position. With respect to the additions to tax for negligence, petitioner is, and was during the years at issue, a businessman experienced in financial matters. He acknowledged that he commingled and misappropriated funds during 1987 and 1988. There is no evidence that he made a reasonable attempt to comply with the tax law regarding the treatment of such funds. Nor is there any evidence that he was relying on the advice of an attorney or an accountant in not reporting the misappropriated funds on his 1987 and 1988 returns. Petitioner's situation is thus distinguishable from those presented in Buff v. Commissioner, 58 T.C. 224 (1972), revd. 496 F.2d 847 (2d Cir. 1974), and Krause v. Commissioner, T.C. Memo. 1991-13, upon which petitioner relies. Under the foregoing circumstances, we conclude that petitioners have *409 not satisfied their burden of proving that they were not negligent within the meaning of section 6653(a). Accordingly, we sustain respondent's determinations against petitioners for 1987 and 1988 as to the additions to tax for negligence. See Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179. With respect to the additions to tax for substantial understatement of income tax, petitioners failed to sustain their burden of introducing evidence that would show error in respondent's determinations for the years at issue. Petitioner's suggestion on brief that, in light of petitioner's situation, respondent acted arbitrarily in not waiving those additions is not supported by the record in this case. That record does not establish that respondent abused her discretion in not waiving those additions. Mailman v. Commissioner, 91 T.C. 1079, 1083-1085 (1988). We therefore sustain respondent's determinations against petitioners for 1987 and 1988 as to the additions to tax for substantial understatement of income tax. See Antonides v. Commissioner, 91 T.C. 686, 700-704 (1988), *410 affd. 893 F.2d 656 (4th Cir. 1990). To reflect the foregoing, An appropriate order and decision will be entered sustaining respondent's determinations as to petitioners and granting respondent's motion for entry of decision as to petitioner Joan L. Colella. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the years at issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the portion of the underpayment attributable to negligence. Respondent determined that the entire underpayment for 1987 was attributable to negligence.↩
2. Although Wayne R. Colella signed the stipulation of facts filed herein, his former wife, petitioner Joan L. Colella (Mrs. Colella), did not sign that stipulation. Mrs. Colella refused to appear at trial, and she chose not to file any briefs with the Court. In lieu of requiring Mrs. Colella to appear at trial, the Court accepted a statement from her in which she requested that the Court allow her any "credits" which the Court might allow to Wayne R. Colella. At trial, respondent requested the Court to enter the same decision against Joan L. Colella as it will enter against Wayne R. Colella. The Court will treat respondent's request as a motion for entry of a decision against Joan L. Colella in the same amounts as are entered against Wayne R. Colella.↩
3. References to petitioner in the singular are to Wayne R. Colella.↩
4. For ease of reference, any potential customer of Lutheran will hereinafter be referred to as a customer.↩
5. Petitioners presented no evidence to refute either the amounts of misappropriated funds determined by respondent or the amounts of the other Schedule C adjustments made by respondent. Accordingly, the amounts of Schedule C adjustments set forth in the notice of deficiency will be sustained.↩
6. Mrs. Colella refused to appear at trial. Thus, the record is devoid of any evidence relating to whether she signed the return for 1987 or for 1988 under such circumstances that would relieve her of liability for the deficiencies in, and additions to, income tax for those years that are attributable to petitioner's embezzlement. See Sharwell v. Commissioner, 419 F.2d 1057 (6th Cir. 1969), vacating and remanding T.C. Memo. 1968-89; Huelsman v. Commissioner, 416 F.2d 477 (6th Cir. 1969), remanding T.C. Memo. 1968-95; Scudder v. Commissioner, 405 F.2d 222 (6th Cir. 1968), remanding 48 T.C. 36 (1967). Accordingly, petitioners, who filed valid joint returns for the years at issue, will be jointly and severally liable for any deficiencies in, and additions to, tax sustained by this Court. Secs. 6013(d)(3), 6662(a)(2); Pesch v. Commissioner, 78 T.C. 100, 129 (1982); Wissing v. Commissioner, 54 T.C. 1428, 1429-1432 (1970) (Court reviewed), vacated on other grounds 441 F.2d 533↩ (6th Cir. 1971). We note that, by refusing to appear, Mrs. Colella voluntarily chose not to seek relief as an "innocent spouse" under section 6013(e) from the deficiencies and additions determined by respondent.