EDWARD ROSS and DOROTHY ROSS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ross v. Commissioner
Docket No. 8978-75.
United States Tax Court
T.C. Memo 1978-380; 1978 Tax Ct. Memo LEXIS 133; 37 T.C.M. (CCH) 1560; T.C.M. (RIA) 78380; September 25, 1978, Filed *133 (1) The Commissioner recomputed Ps' income using the bank deposits method. Such method revealed that Ps had unexplained bank deposits of $ 31,500 in 1968, and based thereon, the Commissioner determined a deficiency. Held, in a dispute over a deficiency, the Commissioner does not bear the burden of proving a likely source for the unexplained deposits. Held, further, Ps failed to prove the Commissioner's deficiency determination was incorrect. (2) The Commissioner also determined that Ps' underpayment of tax was caused by negligence or intentional disregard of the rules and regulations for reporting income. Sec. 6653(a), I.R.C. 1954. Ps offered no evidence on this issue. Held, the Commissioner's determination is sustained. Donald S. Carnow, for the petitioners. Thomas G. Schleier, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined deficiencies in the petitioners' Federal income taxes of $ 21,588.19 for 1968 and $ 20,729.81 for 1970, and additions to tax under section 6653(a) of the Internal Revenue Code of 1954[1] of $ 1,079.41 for 1968 and $ 1,036.49 for 1970. The parties have settled certain issues. The issues remaining for decision are: (1) Whether the Commissioner is required to prove the source of unexplained bank deposits in 1968 where he determined that they were income; (2) whether the petitioners have succeeded in proving that such unexplained bank deposits were not income; and (3) whether any part of the underpayment of the petitioners' tax for 1968 was due to negligence or intentional disregard of rules and regulations. *135 FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Edward Ross and Dorothy Ross, husband and wife, resided in Chicago, Ill., at the time they filed their petition in this case. They filed their joint Federal income tax returns for the years 1968 and 1970 with the Internal Revenue Service Center, Kansas City, Mo. Mr. Ross has been engaged in the business of buying, owning, and operating movie theaters for over 50 years. During 1968, he owned 7 or 8 theaters, which primarily exhibited adult movies, and in that year, he purchased between 50 and 60 adult movies at prices usually ranging between $ 700 and $ 1,000. At that time, many of the producers and distributors were apprehensive about being criminally prosecuted for dealing in adult movies, and for that reason, they usually hand delivered such movies to Mr. Ross and required him to pay cash at the time of delivery. On April 16 and 17, 1968, Mr. Ross deposited a total of $ 31,500 in cash in his personal checking account at Broadway National Bank, Kansas City, Mo. The petitioners did not include such deposits in gross income on their joint 1968 tax return. Commencing *136 in 1970, an internal revenue agent examined the petitioners' return for 1968. He made an analysis of their bank deposits and could not find the source of the deposits in April 1968 totaling $ 31,500. Accordingly, he asked Mr. Ross and his representatives to identify the source of such deposits. However, except to suggest that the funds may have come from the settlement of a personal injury claim, they could not and did not supply any evidence showing the source of the funds. In his notice of deficiency, the Commissioner increased the petitioners' taxable income for 1968 in the amount of $ 31,500 based on the inclusion of the bank deposits in that amount. OPINION The first issue for decision concerns the burden of proof in this case. The Commissioner determined that the petitioners' records were inadequate, and therefore, he reconstructed their income for 1968 using the bank deposits method. Secs. 6001, 446; sec. 1.446-1, Income Tax Regs. The use of the bank deposits method of computing income has long been sanctioned by the courts. See, e.g., Goe v. Commissioner,198 F. 2d 851 (3d Cir. 1952), affg. a Memorandum Opinion of this Court, cert. denied 344 U.S. 897 (1952); *137 Halle v. Commissioner,175 F. 2d 500 (2d Cir. 1949), affg. 7 T.C. 245 (1946), cert. denied 338 U.S. 949 (1950); Mauch v. Commissioner,113 F. 2d 555 (3d Cir. 1940), affg. 35 B.T.A. 617 (1937); Oliver v. United States,54 F. 2d 48 (7th Cir. 1931), cert. denied 285 U.S. 543 (1932). The petitioners do not question the propriety of using such method to reconstruct their income in this case, but they argue that the Commissioner has the burden of proving a likely source for the unexplained bank deposits. We disagree. It has long been established that the Commissioner's deficiency determination is presumptively correct and that the petitioner has the burden of proving otherwise. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure. A deficiency determination based on unexplained bank deposits is entitled to such presumption. Armes v. Commissioner,448 F. 2d 972 (5th Cir. 1971), revg. on other issues a Memorandum Opinion of this Court; Estate of Mason v. Commissioner,64 T.C. 651, 656-657 (1975), *138 affd. 566 F. 2d 2 (6th Cir. 1977). Though the bank deposits are not conclusive, they are prima facie evidence of income (see Boyett v. Commissioner,204 F. 2d 205 (5th Cir. 1953), affg. a Memorandum Opinion of this Court; Hague Estate v. Commissioner,132 F. 2d 775 (2d Cir. 1943), affg. 45 B.T.A. 104 (1941), cert. denied 318 U.S. 787 (1943)), and where the Commissioner has determined that the deposits are income, the petitioner bears the burden of showing that such determination is incorrect (Estate of Mason v. Commissioner,supra;Jones v. Commissioner,29 T.C. 601 (1957); see Marcello v. Commissioner,380 F. 2d 499 (5th Cir. 1967), revg. on other grounds a Memorandum Opinion of this Court; Hoefle v. Commissioner,114 F. 2d 713 (6th Cir. 1940), affg. a Memorandum Opinion of this Court). In addition, where the petitioner bears the burden of proof, the Commissioner need not prove a likely source of the unreported income. Armes v. Commissioner,supra;Estate of Mason v. Commissioner,supra.
In *139 support of their position that the Commissioner bears the burden of proving a likely source for the deposits, the petitioners cite Armes v. Commissioner,supra;Hendrix v. Commissioner,T.C. Memo. 1972-29; Lerew v. Commissioner,T. C. Memo. 1962-139; and Brodskyv. Commissioner,T. C. Memo. 1962-105. However, in each of these cases, the issue was fraud, and the Commissioner has the burden of proof as to that issue. Moreover, the Fifth Circuit in Armes v. Commissioner,supra, expressly recognized that the Commissioner need not prove a likely source for funds when the petitioner bears the burden of proof. Accordingly, the petitioners' argument is rejected. The second issue for decision is whether the petitioners have met their burden of proving that the $ 31,500 in deposits was not income in 1968. The only evidence presented by them was the testimony of Mr. Ross, and such testimony is sketchy. He testified that because of the "repressive attitude" toward adult movies on the part of law enforcement officials in 1968, movie producers and distributors hand delivered their product and *140 dealt only in cash. According to Mr. Ross, he cashed his payroll checks during 1965 through 1968 and kept the proceeds thereof in safes at the various theaters he owned and at his house, so that he could pay for the adult movies in cash. Such proceeds allegedly were the source of the $ 31,500 he deposited in his checking account in April 1968, and he supposedly used such funds to purchase real estate on which he intended to construct a drive-in theater. Mr. Ross's testimony was self-serving, and such fact does justify a careful scrutiny of the testimony. See, e.g., District of Columbia v. Murphy,314 U.S. 441, 456 (1941); Sharwell v. Commissioner,419 F. 2d 1057, 1060 (6th Cir. 1969), affg. on this issue a Memorandum Opinion of this Court. His testimony was vague and lacked specificity; he could not remember any of the details concerning the alleged accumulation of funds. He did not know precisely where the funds were stored, and he had no recollection of the amount of funds accumulated. We recognize that the lapse of time could cause him to forget some of the details, but we are not convinced that his complete inability to recall the details *141 can be explained by the passage of time. Moreover, his testimony was totally inconsistent with the explanation given to the agent during the course of the audit of the returns. The agent was not told about the need for accumulating cash, about the practice of cashing salary checks and storing the funds in private safes, or that the deposits were withdrawn from such funds. In their brief, the petitioners argued that they withheld such information at the time of the investigation because they did not wish to disclose it to an employee of the Federal government, but at the trial, there was no testimony to that effect.In addition, there are other aspects of Mr. Ross's testimony which we find difficult to accept: Even if he had to keep a certain amount of cash on hand to pay for the adult movies, such need does not seem to require the accumulation of the amount of funds suggested by Mr. Ross. In 1968, he purchased no more than 60 movies, and ordinarily, he paid no more than $ 1,000 for each of them. Under these circumstances, he was not required to accumulate any large sums of cash. Also, it would seem that the cost of movies was a business expense, but according to Mr. Ross, he was *142 using his own funds to pay such cost. Many of these doubts about Mr. Ross's testimony could have been eliminated if the petitioners had offered some corroboration of such testimony. With little effort, they could have established, by independent evidence, the amount of Mr. Ross's income; by a bank deposit analysis, they could have confirmed that Mr. Ross did not generally deposit his payroll checks in banks; and they could have verified how the $ 31,500 was used. On the evidence presented by the petitioners, we conclude that they have failed to carry their burden of proving the Commissioner's determination to be incorrect, and we therefore sustain the deficiency determined by the Commissioner with respect to the $ 31,500 of unexplained bank deposits. The final issue for decision is whether the petitioners' underpayment of tax for 1968 was due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). The petitioners also have the burden of proof on this issue. Vaira v. Commissioner,444 F. 2d 770 (3d Cir. 1971), affg. on this issue 52 T.C. 986 (1969); Bixby v. Commissioner,58 T.C. 757 (1972); *143 Inter-American Life Insurance Co. v. Commissioner,56 T.C. 497 (1971), affd. per curiam 469 F. 2d 697 (9th Cir. 1972); Rosano v. Commissioner,46 T.C. 681 (1966).At the trial, they presented no evidence on this issue, but in their brief, they claimed that they furnished their accountant with all of the necessary information and that any error was the fault of their accountant. In determining the addition to tax under section 6653(a) for 1968, the Commissioner relied on the petitioners' failure to include certain rental income and a long-term capital gain, in addition to the omission of the bank deposits. The petitioners have conceded that such rental income and capital gain were taxable in that year. Although they assert that the failure to include such income was the fault of their accountant, they furnished no evidence showing what information was given to the accountant concerning such transactions. Thus, it is clear that they have failed to carry their burden of proof on this issue. Moreover, as a general rule, the duty of filing an accurate return cannot be avoided by shifting the responsibility to an agent. Pritchett v. Commissioner,63 T.C. 149, 174 (1974); *144 Enoch v. Commissioner,57 T.C. 781 (1972); Soares v. Commissioner,50 T.C. 909 (1968); American Properties, Inc. v. Commissioner,28 T.C. 1100 (1957), affd. per curiam 262 F. 2d 150 (9th Cir. 1958). Some cases do indicate that a taxpayer may not be liable for the addition to tax if he establishes that he furnished his agent who prepared the return with all of the relevant information ( Pritchett v. Commissioner,supra at 174, and the cases cited therein), but the petitioners in this case have made no such showing. The petitioners cannot avoid their responsibility "by simply alleging that * * * [they] supplied the correct information to * * * [their] agent." Pritchett v. Commissioner,supra at 174. Accordingly, we sustain the Commissioner's imposition of the addition to tax under section 6653(a) for 1968. Due to concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩