STEVE GLENN AND MARY J. GLENN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Glenn v. Commissioner
Docket No. 40697-85.
United States Tax Court
T.C. Memo 1988-301; 1988 Tax Ct. Memo LEXIS 330; 55 T.C.M. (CCH) 1270; T.C.M. (RIA) 88301; July 20, 1988. D. Derrell Davis, for the petitioners. Steven R. Winningham, for the respondent. WILLIAMS
*331 MEMORANDUM FINDINGS OF FACT AND OPINION WILLIAMS, Judge: The Commissioner determined a deficiency in petitioners' 1981 Federal income tax of $ 57,818.70. We must decide whether petitioners' sale of stock required a recapture of investment tax credit pursuant to section 47(a)(1). [1]
Some of the facts have been stipulated and are so found. Petitioners are husband and wife and resided in Bryant, Arkansas at the time the petition in this case was filed. During the years 1977 through 1981 petitioner Steve Glenn was a partner in Glenn Brothers Leasing ("Leasing"). Petitioner Steve Glenn ("petitioner") earned investment tax credit through Leasing's purchases of qualified property. Petitioners claimed investment tax credit on their income tax returns for 1977 through 1981 as follows: Credit Earned
Credit Taken
1977
$  4,787.98
$  4,738.00
1978
36,948.60
8,935.34
1979
27,000.00
19,744.77
1980
- 0 -  17,395.85
1981
- 0 -  15,940.00
Total
$ 68,736.58
$ 66,753.96
Unused Investment Tax Credit: $ *332 1,986.62. On January 20, 1981, Leasing transferred all of its assets to Glenn Brothers Trucking, Inc. ("GBT"). Petitioner and L. C. Bryant owned all of the stock of GBT. On February 24, 1981, petitioner and Bryant sold all of the stock of GBT to R. E. King pursuant to a stock purchase agreement executed January 20, 1981. The stock purchase agreement provided that, as consideration for the sale, petitioner was to be relieved of all personal liability arising from his guarantees of GBT's liabilities to: (1) Pullman Incorporated, (2) First National Bank of Little Rock, Arkansas, (3) Commercial Credit Business Loans, Inc. as relating to credit extended to GBT after closing, and (4) the St. Paul Property & Liability Insurance Company relating to certain bonds for credit extended after closing. Further, Mr. King satisfied GBT's debt of $ 75,000 to another corporation owned by petitioner. Petitioner personally warranted the accuracy of GBT's 1980 balance sheet and accompanying schedules but did not warrant the company's income statement. Petitioner further agreed to work for GBT one year. Petitioner resigned from this employment in September of 1981. Certain provisions of the *333 stock purchase agreement were waived by petitioner at closing because certain creditors refused to release petitioner from his guarantee of GBT's obligations. Petitioner remained personally liable for his guarantee of a surety bond issued by St. Paul Fire and Marine Insurance Company and for GBT's debts to Superior Federal Savings and Loan (secured by GBT's land and buildings) and Paccar Financial Corporation (incurred to acquire tractors and trailers for GBT). After the sale to Mr. King, petitioner had no equity interest or security interest in GBT. Petitioner's liability on his guarantees depended on the financial of GBT. Petitioner's potential liability for breach of warranty was unrelated to GBT's financial performance after the sale. Section 38 allows an investment tax credit on qualified investment in certain property ("section 38 property"). Section 47(a)(1) requires recapture of investment tax credit if section 38 property is disposed of or otherwise ceases to be section 38 property with respect to the taxpayer prior to the close of the useful life used to calculate the credit. Section 47(a)(1) does not apply to "a mere change" in the form of conducting a trade or business *334 if section 38 property is retained in the trade or business as section 38 property and if the taxpayer retains a "substantial interest" in such trade or business. Section 47(b). Petitioner was not required to recapture investment tax credit on the transfer of Leasing's assets to GBT on January 20, 1981. The transfer of assets to GBT as a mere change in the form of conducting a trade or business in which the section 38 property was retained in the trade or business and in which petitioner retained a substantial interest in the property through his ownership of stock in GBT. Section 47(b). Petitioner must, however, recapture interest in the property through his ownership, recapture investment tax credit pursuant to section 47(a)(1) on the sale of his stock in GBT on February 24, 1981, because he did not thereafter retain a substantial interest in the trade or business of GBT. Petitioner contends that though he sold all of his stock he retained a "substantial interest" in GBT because he warranted the accuracy of GBT's 1980 financial statements and remained personally liable for some of GBT's liabilities. Consequently, petitioner argues, the sale of GBT stock does not require *335 a recapture of the investment tax credit. Section 1.47-3(f)(2), Income Tax Regs., states that a taxpayer "shall be considered as having retained a substantial interest in the trade or business only if, after the change in form, his interest in such trade or business -- (8) Is substantial in relation to the total interest of all persons, or (ii) Is equal to or greater than his interest prior to the change in form." In Soares v. Commissioner,50 T.C. 909, 913 (1968) we held that the phrase "substantial in relation to the total interest of all persons" requires that after a transfer of a trade or business, the taxpayer must own a significant portion of what he had previously owned. The phrase "equal to or greater than his interest prior to the change in form" requires that the taxpayer's interest in the trade or business not be materially diminished. Soares v. Commissioner, supra, at 914. After the sale of stock to Mr. King, petitioner did not own any stock in GBT. At closing petitioner waived being released from certain of his personal guarantees of GBT's obligations. Petitioner argues that this retention of personal liability is the equivalent *336 of retaining a substantial ownership interest. He identifies this interest as an interest in the financial performance of GBT, which was necessary to relieve him of his continuing personal liability. The facts of this case do not support the conclusion that petitioner had any substantial ownership interest in GBT. Because petitioner did not retain a substantial interest in GBT within the meaning of section 47(b), we hold that the property on which petitioner had earned investment tax credit ceased to be section 38 property with respect to him on February 24, 1981. Petitioners are required to recapture the investment tax credit pursuant to section 47(a)(1). We do not believe, however, that petitioner's position in this case is groundless or frivolous. We therefore decline to award damages pursuant to section 6673 as suggested by respondent. Decision will be entered for respondent.
Petitioner makes much of his warranty of GBT's 1980 financial statements. Petitioner's warranty, however, gives rise at most to a contingent liability unassociated with GBT's future financial performance. Any liability on this warranty was fixed at the time of the purchase agreement and was made *337 to induce Mr. King to purchase petitioner's stock. Petitioner's liability on the warranty is not a liability arising out of or satisfied by GBT's operations or post-sale financial performance. Because petitioner did not retain a substantial interest in GBT within the meaning of section 47(b), we hold that the property on which petitioner has earned investment tax credit ceased to be section 38 property with respect to him on February 24, 1981. Petitioners are required to recapture the investment tax credit pursuant to section 47(a)(1). We do not believe, however, that petitioner's position in this case is groundless or frivolous. We therefore decline to award damages pursuant to section 6673 as suggested by respondent. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as in effect for the year in issue unless otherwise indicated. ↩