T.C. Summary Opinion 2007-83

UNITED STATES TAX COURT

SCOTT W. DENNISTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 22157-05S.          Filed May 24, 2007.

Scott W. Denniston, pro se.

<u>Steven I. Josephy</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined for 2002 a deficiency in petitioner's Federal income tax of $1,281.  The sole issue for decision is whether petitioner made alimony payments of $6,000 during 2002.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference.  At the time the petition in this case was filed, petitioner resided in Denver, Colorado.

Petitioner and Christina Denniston (Ms. Katcher) were married on February 13, 1998.  They had three children from the marriage.

In September of 2001, Ms. Katcher filed a petition for divorce with the El Paso County District Court in Colorado (State court).  By a temporary order dated December 14, 2001, the State court ordered petitioner to pay to Ms. Katcher alimony of $500, retroactive to September 14, 2001, payable on the first of each month until further order (temporary order).

Petitioner filed separately from Ms. Katcher for 2002, a Form 1040, U.S. Individual Income Tax Return, prepared by H&R Block.  Petitioner claimed an alimony deduction of $6,000 on his return, but Ms. Katcher failed to report any alimony income on her return.

By order dated April 3, 2003, the marriage between petitioner and Ms. Katcher was dissolved.  In the Marriage

Settlement Agreement which was attached to the Decree of Dissolution of Marriage, petitioner agreed that his child support payments were in arrears. In April of 2003, petitioner owed back child support payments of $14,777.08.

On August 24, 2005, respondent issued to petitioner a notice of deficiency disallowing the alimony deduction, determining that petitioner failed to substantiate that he made any alimony payments during 2002.

## Discussion

Petitioner bears the burden of proving that respondent's determinations in the notice are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[1]

Section 215(a) allows a deduction for the payment of alimony during a taxable year. Section 215(b) defines alimony as a payment that is includable in the gross income of the recipient under section 71. Section 71(a) provides that gross income includes amounts received as alimony or separate maintenance payments.

Under the temporary order, petitioner was obligated to pay to Ms. Katcher alimony payments of $500 per month. Although not specified in the temporary order, petitioner claims that the

---

[1]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. This Court concludes that sec. 7491 does not apply because petitioner has not produced any evidence that establishes the preconditions for its application.

duration of the alimony payments was 1 year. Petitioner therefore argues that he was entitled to claim an alimony deduction of $6,000 on his return.

Respondent disagrees, contending that petitioner has failed to provide any evidence to show that alimony payments of $6,000 were actually paid to Ms. Katcher during 2002.

At trial, petitioner testified that a total of $6,000 was taken out from his paychecks during 2002 to satisfy his alimony obligation under the temporary order. Respondent requested petitioner to produce pay stubs showing that moneys were taken out for alimony or a statement from Ms. Katcher acknowledging receipt of alimony. Petitioner, however, was unable to provide the requested documentation, claiming that both his former employer and Ms. Katcher were uncooperative. Therefore, other than his testimony, petitioner has not offered any evidence to show that alimony was paid in 2002. Moreover, during this period, the evidence shows that petitioner did not meet his child support obligation. The Court is not required to accept petitioner's self-serving testimony. Geiger v. Commissioner, 440 F.2d 688 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; see Shea v. Commissioner, 112 T.C. 183, 189 (1999).

Petitioner contends that H&R Block determined that he was entitled to claim an alimony deduction of $6,000 based on the documentation that he had presented to them at the time of the

return preparation.  It is well established that the duty of filing accurate returns cannot be avoided by placing the responsibility upon an agent.  <u>Pritchett v. Commissioner</u>, 63 T.C. 149, 174 (1974); <u>Soares v. Commissioner</u>, 50 T.C. 909, 914 (1968).

Petitioner has the burden of proof.  See Rule 142(a). Petitioner has failed to show that he made alimony payments of $6,000 in 2002.  Accordingly, petitioner is not entitled to claim an alimony deduction of $6,000 for 2002.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.