T.C. Memo. 2010-111


UNITED STATES TAX COURT


WAYNE A. CARTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17070-08.                    Filed May 18, 2010.


<u>William R. Leighton</u> and <u>Leonard L. Leighton</u>, for petitioner.

<u>Jeffrey D. Heiderscheit</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $72,794 in petitioner's Federal income tax for 2005 and a penalty of $14,559 under section 6662(a).  The deficiency resulted from petitioner's failure to report capital gains of $512,086 from stock sales during 2005.  The deficiency is now conceded, and the issue for decision is whether petitioner is liable for the

penalty. All section references are to the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Texas at the time his petition was filed. At all material times, petitioner was self-employed in a retail landscape business.

In August 2003, petitioner acquired stock in Birch Mountain through a private placement. He sold the stock in August and October 2005, receiving proceeds of $658,447 and realizing a net long-term capital gain of $512,086. After he sold the stock, the price dropped and he repurchased some stock in Birch Mountain. The amount and price of the repurchased stock and the date of purchase are not in the record.

The proceeds of the stock sales were not reported on petitioner's Form 1040, U.S. Individual Income Tax Return, for 2005. The return reported various small items of income not identifiable as relating to a retail landscape business, gross income totaling $7,012, and no tax due. The return was prepared by Johnnie D. Coley (Coley), who had prepared returns for petitioner's parents and for petitioner for many years before 2005. Coley's education after high school consisted of business

accounting courses at the college level and a course given by H&R Block.

Petitioner's bookkeeping was generally performed by his mother or his wife during 2005. As was the custom with respect to tax return preparation, records were delivered by petitioner's mother to Coley approximately 30 days before a return was due. A summary spreadsheet was also delivered to Coley, but she did not use the spreadsheet in preparing the returns, preferring to consult the folders provided for details of reportable transactions. After a return was prepared, the records were returned to petitioner.

Before September 2007, petitioner received an inquiry from the Internal Revenue Service (IRS) about the income omitted from the 2005 return. An amended return reporting the proceeds and gain from the sales of the Birch Mountain stock was prepared by Coley and sent to the IRS in September 2007. In an explanation of changes included in the amended return, Coley stated that she had overlooked the sales of stock on the original 2005 return and "therefore Schedule D was not filed." Coley was unaware of the Birch Mountain stock sales until after the IRS contacted petitioner in 2007.

## OPINION

Section 6662(a) and (b)(2) imposes an accuracy-related penalty where, among other things, an underpayment of tax is

attributable to a substantial understatement of income tax. Petitioner does not dispute the substantial understatement but claims that he is entitled to relief under section 6664(c) because of his alleged good faith reliance on Coley. Petitioner bears the burden of demonstrating that he is not subject to the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Our findings of fact do not include findings about whether information concerning petitioner's sales of Birch Mountain stock was among the material delivered to Coley before preparation of the 2005 return. Petitioner claims that it was and also that the accompanying spreadsheet contained information about the stock sales. He testified that the information provided to her included "all the 1099s" (information returns that led to the IRS inquiry and examination). Neither the records nor the spreadsheet was produced at trial. Coley did not recall seeing any information or having any conversations about the stock sales until after the return was filed.

At the time of trial, petitioner testified that he discussed the stock sales with Coley as follows:

> Q    On your petition, it did not state that you received advice from her that the sale of stock was nontaxable?
>
> A    No.  She didn't tell me that.
>
> Q    Ms. Coley did not tell you that the sale of stock was nontaxable?
>
> A    Well, we had the conversation about stock.

> That's--I asked her, since I sold the stock and I repurchased it, since I never took the money, am I going to be required to pay taxes on it? She told me she didn't think so.

He acknowledged that he had never told the IRS during the examination or respondent's counsel after the petition was filed that he had spoken to Coley about the stock sales. We conclude that this claim is an afterthought, implausible, and not credible. We are not persuaded that petitioner asked Coley about the taxability of the stock proceeds, and he has not presented any other evidence that he made an effort to assess his proper tax liability. Cf. Stanford v. Commissioner, 152 F.3d 450, 460-461 (5th Cir. 1998), affg. in part and vacating in part 108 T.C. 344 (1997); Williams v. Commissioner, 123 T.C. 144, 153 (2004); sec. 1.6664-4(b)(1), Income Tax Regs. The amount of the gain as a large multiple of his reported income from other activities could not be overlooked by him, and his claim that Coley suggested that he need not report it is inconsistent with any claim that he was unaware that it was omitted.

Even assuming there was some indication of the stock sales in the records delivered to Coley before she prepared petitioner's 2005 tax return, petitioner cannot be absolved of the penalty when he knew that the stock sales were not reported. Whether or not Coley overlooked information provided to her, we do not believe that petitioner relied in good faith on Coley, reasonably or otherwise, in omitting over $500,000 in income from

his 2005 return, especially if he received the Form 1099 information returns that he referred to during his testimony. His claimed lack of training in accounting is insignificant in view of his apparent sophistication and success in dealing with privately placed securities.

As petitioner's brief acknowledges, at the conclusion of the trial the Court directed the parties to Metra Chem Corp. v. Commissioner, 88 T.C. 654 (1987), where the Court applied the predecessor to section 6662(a) as follows:

> As a general rule, the duty of filing accurate returns cannot be avoided by placing responsibility on a tax return preparer. See, e.g., Pritchett v. Commissioner, supra [63 T.C. 149] at 174-175; Enoch v. Commissioner, 57 T.C. 781, 802 (1972); Soares v. Commissioner, 50 T.C. 909, 914 (1968). As the petitioners have noted, this Court has declined to sustain the addition to tax under section 6653(a) in cases in which the taxpayer relied in good faith on the advice of a tax expert. See, e.g., Woodbury v. Commissioner, 49 T.C. 180, 199 (1967); Brown v. Commissioner, 47 T.C. 399, 410 (1967), affd. per curiam 398 F.2d 832 (6th Cir. 1968). However, a close examination of these cases reveals that they raised questions as to the tax treatment of complex transactions and that the position taken on the returns with respect to such items had a reasonable basis.

> This case presents no such difficult issues.
> * * * [Metra Chem Corp. v. Commissioner, supra at 662.]

Here, too, the transactions are not complex or difficult. There is no tenable reason for omitting them from the 2005 return, and petitioner has not shown anything on which he could have based a good faith belief that repurchasing the stock at a decreased

price shortly after selling it would negate the sales that resulted in a gain exceeding $500,000.

Petitioner contends that an unpublished opinion of the Court of Appeals for the Fifth Circuit establishes the standard in this case, citing Prudhomme v. Commissioner, 345 Fed. Appx. 6 (5th Cir. 2009), affg. T.C. Memo. 2008-83. Petitioner's argument is as follows:

> In Prudhomme, the Fifth Circuit noted that it "must consider whether the taxpayer made 'an honest misunderstanding of fact or laws that is reasonable in the light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer.'" [Prudhomme v. Commissioner, 345 Fed. Appx. 6 (5th Cir. 2009) (quoting section 1.6664-4(b), Income Tax Regs.) (as quoted by petitioner in petitioner's brief).] The court further noted that where the taxpayer relies on a return preparer the court must consider "'[a]ll facts and circumstances' regarding whether that reliance was reasonable and in good faith, including the 'taxpayer's education, sophistication and business experience.'" [Id. (quoting section 1.6664-4(c)(1), Income Tax Regs.).] And, finally, the court "observed that '[i]f a taxpayer is able to show that there was a reasonable cause for the understatement and good faith, which may stem from reasonable reliance on the advice of [a] professional, the I.R.S. may waive the understatement penalty.'" [Id. (quoting Streber v. Commissioner, 138 F.3d 216, 222 (5th Cir. 1998), revg. T.C. Memo. 1995-601).]

Without regard to whether an unpublished opinion can establish a standard when it is not considered a precedent under Fifth Circuit Rule 47.5.4, we see nothing in that case supporting petitioner's position under the facts and circumstances of this case. The Court of Appeals for the Fifth Circuit affirmed our conclusions in Prudhomme that there was no reasonable cause for

the taxpayers' error (omitting income from sale of their company and not recognizing the omission in a complicated return) and that the taxpayers did not act in good faith. The Court of Appeals distinguished cases in which the taxpayers were unsophisticated in regard to the taxable transactions. See Prudhomme v. Commissioner, supra at 12 (distinguishing Streber v. Commissioner, supra at 223, and Heasley v. Commissioner, 902 F.2d 380, 384-385 (5th Cir. 1990), revg. T.C. Memo. 1988-408). We reach the same conclusion here, essentially for the same reasons. In summary, we do not believe (1) that petitioner discussed treatment of the sales with his preparer before filing the return, (2) that there was reasonable cause for the error, or (3) that he acted in good faith. To reflect the foregoing,

Decision will be entered

for respondent.