Roslyn SHARWELL, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 19265.

United States Court of Appeals
Sixth Circuit.

Dec. 24, 1969.

Sol Goodman, Goodman & Goodman, Cincinnati, Ohio, on brief, for petitioner-appellant.

Stephen H. Hutzelman, Dept. of Justice, Washington, D. C., for respondent-appellee; Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, William A. Friedlander, Stephen H. Hutzelman, Attys., Dept. of Justice, Washington, D. C., on brief.

Before PHILLIPS, Chief Judge, COMBS, Circuit Judge, and TAYLOR,* District Judge.

PHILLIPS, Chief Judge.

This is another case in the manner of Scudder v. Commissioner of Internal Revenue, 405 F.2d 222 (6th Cir.), cert. denied, 396 U.S. 886, 90 S.Ct. 176, 24 L.Ed.2d 161, and Huelsman v. Commissioner of Internal Revenue, 416 F.2d 477 (6th Cir.), in which a wife seeks to be relieved of tax liability for money embezzled or fraudulently obtained by her husband which he failed to report on the couple's joint income tax return.

This appeal is from a decision of the Tax Court holding petitioner Mrs. Roslyn Sharwell liable for $393,061.37 in income tax deficiencies for the years 1958–59. T.C. Memo 1968–89. These deficiencies arose out of the Commissioner's determination that the income had been omitted fraudulently by the

* Honorable Robert L. Taylor, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

husband from the joint income tax returns filed by petitioner and her husband for the taxable years. The Commissioner did not press the fraud penalties originally assessed against her pursuant to 26 U.S.C. § 6653(b).

Petitioner and her husband Sherman Sharwell at all times involved herein each owned fifty per cent of the shares of stock of the Sharwell Tobacco Company (Sharwell Tobacco), an Ohio corporation. During the years 1948 through 1960, Sharwell Tobacco engaged in merchandising tobacco and miscellaneous products at the wholesale level.

Mr. and Mrs. Sharwell [1] were married in November 1936, divorced in 1949, remarried in 1950, separated in 1960, and again divorced in April 1963.

For the taxable year 1949, when petitioner was divorced from Mr. Sharwell, she filed a separate return. For the taxable years 1950 through 1959 she did not file separate income tax returns. For 1960, when she again was separated from Mr. Sharwell, she filed a separate return.

In 1954, petitioner received a distribution from her father's estate in the form of real estate, stocks and bonds, and other assets, with a total value of approximately $200,000. Petitioner began to keep careful records of the income she received and maintained a ledger for the years 1955 through 1959 in which she recorded all of her income. Petitioner also retained the brokerage slips relating to her capital gains and losses and the cancelled checks for charitable contributions.

With respect to the filing of income tax returns, it was the practice of petitioner to examine all her cancelled checks for the year and, after determining which reflected deductible contributions, to send these along with the ledger and brokerage slips to her husband or his accountant, so that her income could

be included with that of her husband. Returns so prepared and captioned "Sherman S. and Roslyn Sharwell" were filed for each taxable year from 1954 through 1959. Petitioner signed the return for 1954 which reflected significant capital gains on assets passing to her through her father's estate. Although each of the other returns purported to be signed by petitioner, only the signature on the 1954 return was genuine. On each return the question as to whether the wife or husband was filing a separate return was marked "no."

During the taxable years 1954–59 the petitioner had from $5,000 to $8,000 income and approximately $25,000 of capital gains in 1954 and $50,000 of capital gains in 1955. This income together with petitioner's deductions were included in the joint returns for the respective years.

At all times material hereto until the end of 1959 petitioner lived with her husband. At that time she separated from him and went to live in New York City. She had discovered that Mr. Sharwell was engaging in fraudulent activities with the property of their jointly-owned corporation and property which she had inherited from her father. Mr. Sharwell attempted to effect a reconciliation. Petitioner again turned over her records to him or his accountant to have her income included with "his" tax return for the years 1958 and 1959. These returns were filed in March and April of 1960, respectively.

In the following year when the petitioner filed her individual return for 1960, she answered "no" to the question, "Do you owe any Federal tax for the years before 1960?"

The books and records of Mr. Sharwell and the corporation were destroyed by fire sometime prior to the trial in the Tax Court.

---

1. Sherman S. Sharwell and Roslyn Sharwell filed individual petitions with the Tax Court. Mr. Sharwell died November 3, 1966, after his petition was filed. His case was dismissed for lack of prosecution. Only the petition of Mrs. Sharwell was before the Tax Court and is before this Court on the present appeal.

The notice of deficiency mailed to petitioner on March 22, 1963, and addressed to "Mr. Sherman S. Sharwell and Mrs. Roslyn Sharwell," contained the following explanations of adjustments:

"EXPLANATION OF ADJUSTMENTS

"Year Ended December 31, 1958

"(a) Your reported income for the year 1958 has been increased by additional taxable income in the amount of $274,384.64.

"(b) It has been determined that the claimed itemized deductions aggregating $2,982.83 are not allowable since you failed to provide substantiation as required.

"(c) It has been determined that the maximum standard deduction of $1,-000.00 is allowable in lieu of itemized deductions.

"EXPLANATION OF ADJUSTMENTS

"Year Ended December 31, 1959

"(a) Your reported income for the year 1959 has been increased by additional taxable income in the amount of $234,771.95.

"(b) It has been determined that the claimed itemized deductions aggregating $3,067.62 are not allowable since you failed to provide substantiation as required.

"(c) It has been determined that the maximum standard deduction of $1,000.00 is allowable in lieu of itemized deductions."

Mrs. Sharwell filed a petition in the Tax Court alleging that the Commissioner erred in: (a) determining that the returns for 1958–59 were joint returns of her and her husband; (b) determining the amount of the deficiency alleged to be due; and (c) assessing the deficiency against her even if it were validly chargeable to her husband inasmuch as she was the innocent victim of his fraudulent scheme. She further contended that the notice of deficiency was not sufficiently specific to raise the presumption of correctness that normally attaches to the action of the Commissioner and that the notice of deficiency was not filed within the time required.

The Tax Court, speaking through Judge Tietjens, found that the returns were joint and that the petitioner had failed to rebut the presumption of correctness that attached to the Commissioner's determination. The returns were filed late and it appears from the record that the notice of deficiency was filed within the time provided.

On appeal petitioner raises three questions: (1) Were the 1958–59 income tax returns prepared and filed by Sherman Sharwell joint returns within the meaning of that term under the Internal Revenue Code of 1954? (2) Was the notice of deficiency adequate? and (3) Should a wife be liable for the income taxes due on money that her husband has taken fraudulently from their jointly held business without her knowledge or the use of the money for her benefit?

██ Mrs. Sharwell contends that the returns were not joint because she did not sign them. We think there is no merit in this position. The question of whether a return is joint or not is a factual one. Heim v. Commissioner of Internal Revenue, 251 F.2d 44 (8th Cir.). The signature of the wife is only one factor in determining whether the return is joint. It appears the question is primarily one of intent. Heim v. Commissioner of Internal Revenue, *supra*, at 46.

██ This determination being a factual one, this Court may overturn it only if we find that it is clearly erroneous. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218. There is evidence in the record supporting the conclusion of the Tax Court that Mrs. Sharwell intended to join with her husband in the filing of joint tax returns for 1958 and 1959. She was aware that the returns were being prepared and took an active role in their preparation in that she maintained records of her income and deduc-

tions and turned them over to her husband or his accountant for the express purpose of the preparation of income tax returns which were to include the income and deductions of both the husband and wife. This practice was an established pattern of conduct between 1954 and 1960. We hold that even though the petitioner did not sign the returns in question there is ample evidence in the record on this issue for the Tax Court to have found that the returns were intended to be joint.

██ Petitioner has alleged that the deficiency notice was inadequate to give it the normal presumption of correctness since it did not set forth the deficiency charged with adequate specificity. The burden of proving the notice to be invalid is on the taxpayer. Schira v. Commissioner of Internal Revenue, 240 F.2d 672 (6th Cir.); Hasson v. Commissioner of Internal Revenue, 239 F.2d 778 (6th Cir.). Once the taxpayer has established error in the notice the presumption no longer applies. Weir v. Commissioner of Internal Revenue, 283 F.2d 675, 682 (6th Cir.). The rule was well stated in the recent case of Foster v. Commissioner of Internal Revenue, 391 F.2d 727, 735 (4th Cir.), as follows:

"The burden of proof is on the Commissioner to show that the taxpayer received income. This burden is initially satisfied, however, by the fact that the Commissioner's deficiency determination is presumed correct. The burden is thus on the taxpayer to prove the incorrectness of the deficiency determination. This burden is procedural and is met if the taxpayer produces competent and relevant evidence from which it could be found that he did not receive the income alleged in the deficiency notice. In other words, the taxpayer at this point has the burden of producing evidence or of going forward with the evidence. If this burden is met, the burden of proof shifts back to the Commissioner to prove the existence and amount of the deficiency."

██ The evidence in this case is not sufficient to rebut the presumption of correctness. The only evidence presented on this issue is the self serving testimony of the petitioner which primarily is conclusory in nature and is not sufficient to prove that the petitioner or her husband did not in fact receive the income with which they were charged by the Commissioner. Thus on the record before us we are compelled to sustain the holding of the Tax Court on this point.

The Commissioner contends that once the jointness of the returns in question is established the legal results that flow therefrom are clear, in that the parties to the return are jointly and severally liable for the taxes due with respect to the returns.

This is the general rule. This Court, however, has rendered two decisions in which we recognize that relief could be afforded to a wife from personal tax liability for money embezzled or fraudulently obtained by her husband.

In Scudder v. Commissioner of Internal Revenue, *supra*, 405 F.2d 222 (6th Cir.), cert. denied, 396 U.S. ——, 90 S.Ct. 176, 24 L.Ed.2d 161, the decision is based at least in part on the conclusion that the money taken was in the nature of a loan and not taxable as an embezzlement under James v. United States, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246. This Court rejected the contention of the Commissioner that the rule in this area is inflexible saying: "We consider that the Tax Court was overly modest in measuring its own prerogatives and powers when it concluded that 'the inflexible statute leaves no room for amelioration.'" In *Scudder*, this Court remanded the case to the Tax Court for further proceedings.

In Huelsman v. Commissioner of Internal Revenue, 416 F.2d 477 (6th Cir.) again this Court recognized that under certain circumstances the defrauded wife might have relief. The Court there said:

"We are not prepared on this skimpy record to affirm the Tax

Court's judgment when that court frankly admits it is 'appalled at the harshness of this result.' We are not convinced, as we were not convinced in *Scudder,* that the statute is so inflexible that an innocent wife who has been victimized by a dishonest husband must be subjected to an additional appallingly harsh penalty by the United States Government. We are not prepared to admit that the Executive branch of our Government is so impotent or the Judiciary so ineffectual that relief may not be granted to such a victim."

The case was then remanded for full development of the facts surrounding the preparation and signing of the return.

■ Even though we have approved that part of the decision of the Tax Court holding the tax returns to be the joint returns of the husband and wife, we do not feel that this of necessity precludes relief to the wife, for the reasons stated in *Scudder* and *Huelsman.* Upon the authority of these cases we vacate the decision of the Tax Court and remand the case to that Court for a more complete development of the issues required to determine whether this case is controlled by the principles enunciated in *Scudder* and *Huelsman.* Among the determinations to be made by the Tax Court on remand are: (1) Whether Mrs. Sharwell knew or can be charged with knowledge that her husband was taking money from Sharwell Tobacco in excess of his salary; (2) whether Mrs. Sharwell received any benefits from the funds taken from Sharwell Tobacco in excess of his salary; (3) what characterization for tax purposes is to be accorded the funds so taken, that is, embezzlement, loans or constructive dividends; and (4) what is the proper allocation of the amount of the deficiency assessment among (a) the separate income of Mrs. Sharwell, (b) the income of Mr. Sharwell from his salary and other sources other than the funds taken by him from Sharwell Tobacco, and (c) the funds in excess of his salary taken by Mr. Sharwell from Shar-well Tobacco. Upon the new hearing the Tax Court may consider any evidence previously taken and now on file in this case. Either party shall be accorded the right to require the presence of any previously sworn witness for additional testimony either on direct or cross-examination.

Vacated and remanded.