KARL OSBOURNE AND AUDREA OSBOURNE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Osbourne v. Commissioner
Docket No. 25564-81
United States Tax Court
T.C. Memo 1983-379; 1983 Tax Ct. Memo LEXIS 409; 46 T.C.M. (CCH) 611; T.C.M. (RIA) 83379; June 27, 1983. Chester Kosarek, Jr., for the petitioners. Caroline Ades, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $2,944 in petitioners' Federal income tax for the year 1979. Concessions have been made by petitioners. The only issue presented for decision is whether petitioners are entitled to certain dependency exemptions in that year. FINDINGS OF FACT
*410 Some of the facts have been stipulated and are incorporated herein by this reference. Petitioners Karl Osbourne and Audrea Osbourne (hereinafter Karl and Audrea) maintained their legal residence in Brooklyn, New York at the time of the filing of their petition herein. They timely filed a joint Federal income tax return for the year 1979 with the Internal Revenue Service Center in Holtsville, New York. Before 1979 the Osbourne family consisted of Karl and Audrea, husband and wife, and their three daughters Tinisha, Stacy, and Sonya. Karl was employed as a New York City police officer and Andrea was a housewife during 1979. Marital problems developed and Audrea left the Brooklyn residence sometime before 1979 with Stacy and Sonya, ages 11 and 13. The children were taken to the home of their grandmother in Holmesdale, Pennsylvania, where they resided during 1979. This arrangement was not pursuant to any separation agreement. Karl and Audrea were married during all of 1979. Each child earned less than $1,000 during that year. OPINION Respondent disallowed exemptions claimed by petitioners for Stacy and Sonya for the year 1979. Respondent asserts that the children *411 did not reside with petitioners during that year, and further that petitioners have failed to prove that they furnished over one-half of each child's support. Petitioners have admitted that these children did not reside with them during 1979, but assert that they nevertheless meet the necessary statutory requirements for claiming the exemptions. Section 151(e)(1) [1] provides for an exemption of $1,000 for each dependent of a taxpayer, as defined in section 152, who is a child of the taxpayer or whose income is less than $1,000 for the claimed year. Section 152(a)(1) provides that the term "dependent" includes a daughter of the taxpayer, provided that over half of the support of the child for the calendar year in which the taxable year of the taxpayer begins was received from the taxpayer. Thus, for petitioners to be entitled to exemptions for Stacy and Sonya on their 1979 return, they must have provided over half the support for each child during that year. [2] The burden of proof to show the source and amount of support rests with petitioners. Welch v. Helvering,290 U.S. 111, 115 (1933); *412 Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners have failed to carry this burden. Karl testified that he sent checks to the grandmother in the amount of $100 per month, occasionally brought food to the grandmother's house, bought all of Stacy and Sonya's clothes, and took care of the children's medical bills in 1979. However, he did not produce any of the cancelled checks, nor any proof as to the other claimed expenditures on behalf of the children. No evidence was offered to what extent, if any Audrea contributed to the support of the children during the year in question, or whether their grandmother provided any of their support. No other evidence was presented regarding the needs of Stacy or Sonya or the total amount that was expended for their support during 1979. Petitioners' evidence consisted solely of Karl's uncorroborated testimony that support was in fact provided, and no records, checks, receipts, or documentary evidence were presented. We find this testimony insufficient *413 to establish that the expenditures were made. Evidence adduced by a taxpayer, even if uncontradicted, does not necessarily overcome the presumption in favor of respondent. Geiger v. Commissioner,440 F.2d 688, 689 (9th Cir. 1971), affirming a Memorandum Opinion of this Court; Sharwell v. Commissioner,419 F.2d 1057 (6th Cir. 1969), affirming a Memorandum Opinion of this Court. Moreover, even if petitioners expended the described sums for support of the children as Karl claims, they have provided no evidence or information from which we could deduce that the other test of section 152 was met, i.e., that such amounts comprised over one-half of the support of Stacy and Sonya for 1979. Petitioners simply stand on their naked claim that their expenditures were in excess of one-half the support. This is insufficient to overcome the presumed correctness of respondent's determination. Accordingly, we hold that they have failed to meet their burden of proof, and therefore they are not entitled to the claimed exemptions. To give effect to petitioners' concessions and our resolution of the issue presented, Decision will be entered for the respondent. *414 Footnotes
1. All section references shall be to the Internal Revenue Code of 1954 as amended and in effect during 1979.↩
2. As Karl and Audrea were married and not legally separated under a written separation agreement during all of 1979, the separate support tests of section 152(e) do not apply.↩