TONIA WASHINGTON-OGLESBY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Washington-Oglesby v. Commissioner
Docket No. 16644-91
United States Tax Court
T.C. Memo 1993-357; 1993 Tax Ct. Memo LEXIS 370; 66 T.C.M. (CCH) 365; August 16, 1993, Filed *370 Decision will be entered for respondent. Tonia Washington-Olesby, pro se. For respondent: Katherine Lee Wambsgans. CHIECHS CHEICHI MEMORANDUM OPINION CHIECHI, Judge: By notice of deficiency dated April 26, 1991, respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: [1]
Additions to Tax
Section
Section
Section
Year
Deficiency
6651(a)(1) [2]
6653(a)(1)
6653(a)(2)
1983
$ 5,537
$ 453
$ 277 *
1984
4,173
369
236 *
1985
4,291
313
215 *
1986
4,270
268
-- --
1987
5,164
387
-- --
1988
5,045
332
252
--
Additions to Tax
Section Section
Section
Year
6653(a)(1)(A)
6653(a)(1)(B)
6654(a)
1983
--
--
$ 54
1984
--
--
42
1985
--
--
28
1986
$ 214
* 24
1987
258
* --
1988
--
--
128
*371 The issues for decision are: (1) Has petitioner carried her burden of proving that respondent's determinations regarding petitioner's wage income and prepayment credits for each of the years at issue are incorrect? We hold that she has not. (2) Is petitioner entitled to take itemized deductions for mortgage loan interest for any of the years at issue? We hold that she is not. (3) Is petitioner entitled to dependency exemptions for her two children for any of the years 1986 through 1988? We hold that she is not. (4) Is petitioner liable for the addition to tax for failure to file for each of the years at issue? We hold that she is. (5) Is petitioner liable for the additions to tax for negligence for each of the years at issue? We hold that she is. (6) Is petitioner liable for the addition to tax for failure to make estimated tax payments for each of the years at issue except 1987? We hold that she is. Background
When this case was called for trial on May 10, 1993, petitioner failed to appear, and respondent filed a motion to dismiss for failure to prosecute. The Court took respondent's motion under advisement and instructed respondent's counsel to try to contact *372 petitioner by telephone in order to advise her that if she did not appear before the Court when this case was recalled at 9 a.m. on May 13, 1993, the Court might grant respondent's motion to dismiss for failure to prosecute. Both petitioner and respondent's counsel appeared when the case was recalled on May 13, 1993. At that time, the Court denied respondent's motion to dismiss and set trial for May 18, 1993. Because petitioner had completely failed to comply with the Court's standing pretrial order and did not offer to the Court any good reason for her failure, the Court ordered that (1) petitioner provide respondent, by noon on May 13, 1993, any documents which petitioner intended to use at trial, and (2) petitioner not be allowed to call any witnesses other than herself at trial. The scant record in this case consists of petitioner's testimony at trial and two jointly stipulated documents. At trial and on brief, petitioner claimed her entitlement to a deduction for mortgage loan interest for each of the years at issue. Petitioner also asserted that she is entitled to dependency exemptions for her two children for 1986. [3] She further contended that she is not liable for any *373 of the years at issue for the additions to tax for failure to file, for negligence, or for failure to pay estimated tax. We note at the outset that petitioner bears the burden of proving that the determinations in the notice of deficiency are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). If petitioner does not satisfy that burden, those determinations will be sustained. Petitioner was a resident of Ohio at the time of the filing of the petition. Petitioner was married to Geoffrey Oglesby (Mr. Oglesby) throughout the years at issue. Petitioner did not file a Federal income tax return for any of those years. Wage Income and Prepayment Credits
Petitioner presented no evidence and made no argument relating to the determinations made by respondent in the notice of deficiency with respect to petitioner's *374 wage income and prepayment credits for each of the years at issue. Accordingly, we sustain those determinations. Mortgage Loan Interest
Petitioner contends that she is entitled to an itemized deduction for interest on a mortgage loan on the house in which she lived during each of the years at issue. To support this contention, petitioner provided a document captioned as a yearend statement (yearend statement) which was evidently prepared by First Investment Company. This statement relates to a mortgage loan on a property located at 11706 Andress Road, Berlin Heights, Ohio, in which petitioner claims she lived, along with Mr. Oglesby, during the years at issue. The yearend statement describes, among other things, the interest paid on a mortgage loan on that property during the years 1985 through 1987. Petitioner's name does not appear anywhere on the yearend statement. The yearend statement refers only to Mr. Oglesby. Deductions are strictly a matter of legislative grace, and a taxpayer must meet the specific statutory requirements for any deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 163(a), *375 the statutory provision allowing a deduction for interest on indebtedness, applies to interest on an obligation of the taxpayer.[4]Smith v. Commissioner, 84 T.C. 889, 897 (1985), affd. without published opinion 805 F.2d 1073 (D.C. Cir. 1986); Anderson Dairy, Inc. v. Commissioner, 39 T.C. 1027, 1044 (1963). Petitioner did not offer any proof that she was obligated on the mortgage loan in question during the years at issue. In fact, the yearend statement provided by petitioner strongly suggests that only Mr. Oglesby was liable on that loan. *376 Moreover, assuming arguendo petitioner had established that she was liable for the mortgage loan in question, as a taxpayer on the cash method of accounting, she would still be required to demonstrate that she actually made the claimed mortgage loan payments in order to be entitled to interest deductions under the statute. Sec. 163(a). Petitioner failed to show that she made any mortgage interest payments during the years at issue. Accordingly, we find that petitioner has not satisfied her burden of proving her entitlement to a deduction for mortgage loan interest for any of the years at issue. [5]
*377 Dependency Exemptions
In 1986, petitioner gave birth to twins (the two children). Petitioner claims dependency exemptions with respect to the two children for each of the years 1986 through 1988. Section 151 permits a taxpayer to deduct an exemption for each dependent child of the taxpayer who has not attained the age of 19 at the close of the calendar year. Section 152(a) defines "dependent" to include a child over half of whose support for the calendar year was received from the taxpayer. Thus, to demonstrate her entitlement to the dependency exemptions for the two children for any of the years 1986 through 1988, petitioner has the burden of proving both the amount she contributed toward the support of each child and the total amount spent in support of each child during each such year. Gajda v. Commissioner, 44 T.C. 783, 785 (1965). Petitioner did not introduce any evidence regarding either the amount she spent in support of the two children or the total amount spent in support of the two children during any of the years in question. Accordingly, we hold that petitioner failed to satisfy her burden of proving that she is entitled to *378 dependency exemptions for the two children for any of the years 1986 through 1988. Additions to Tax for Failure to File
Section 6651(a)(1) imposes an addition to tax for failure to file timely a return unless the taxpayer shows that such failure was due to reasonable cause and was not due to willful neglect. Petitioner failed to file Federal income tax returns for any of the years at issue. Consequently, for petitioner to avoid imposition of the addition to tax under section 6651(a)(1) for each of those years, petitioner must prove both that her failure to file was due to reasonable cause and that it was not the result of willful neglect. Sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245 (1985); see Chilingirian v. Commissioner, 918 F.2d 1251, 1255 (6th Cir. 1990), affg. T.C. Memo. 1986-463; Estate of Geraci v. Commissioner, 502 F.2d 1148, 1149 (6th Cir. 1974), affg. per curiam T.C. Memo. 1973-94. Reasonable cause under section 6651 means the exercise of ordinary business care and prudence. Sec. 301.6651-1(c)(1), Proced. *379 & Admin. Regs.; Walter v. Commissioner, 753 F.2d 35, 40 (6th Cir. 1985), affg. Ayres v. Commissioner, T.C. Memo. 1983-202. Willful neglect is defined as a conscious, intentional failure or reckless indifference. United States v. Boyle, supra at 245. Petitioner testified that, during the years at issue, she managed almost everything in the household in which she and Mr. Oglesby lived. Petitioner also testified that, for each of those years, she submitted Forms W-2 for herself as well as for Mr. Oglesby either to Mr. Oglesby or to an accountant who prepared a Federal income tax return for each such year, which she then inspected and signed. According to petitioner, she relied on Mr. Oglesby to mail each of the returns allegedly prepared for her, and she thought a return had been filed for each of the years at issue. Petitioner further testified that she first discovered in 1986 that no returns had been filed for the previous three years. According to petitioner, it was at that time that someone told her that she could not file a return unless her husband filed a return. Petitioner *380 did not identify who gave her this information. Nor did she submit any of the returns which she allegedly signed for the years at issue. We are not required to, and do not, accept petitioner's self-serving testimony regarding her failure to file returns for the years at issue, especially in the absence of corroborating evidence. See DiMauro v. United States, 706 F.2d 882, 885 (8th Cir. 1983); Griffin v. United States, 588 F.2d 521, 530 (5th Cir. 1979); Geiger v. Commissioner, 440 F.2d 688, 689 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Sharwell v. Commissioner, 419 F.2d 1057, 1060 (6th Cir. 1969), vacating and remanding T.C. Memo. 1968-89. This is particularly true in cases such as the present case where we find petitioner's testimony to be inconsistent, not credible, and therefore not trustworthy. For example, we find petitioner's testimony that someone told her in 1986 that she could not file unless her husband filed to be inconsistent with her testimony that she believed that a return had *381 been filed for each of the years 1983 through 1988. Moreover, we cannot accept as credible petitioner's testimony that she relied on Mr. Oglesby to mail the returns for each of the years at issue and that she believed a return had been filed for each of those years when she also testified that she discovered in 1986 that the returns for 1983 through 1985 had not been filed. We also find petitioner's testimony that she relied on Mr. Oglesby to mail the returns for all of the years at issue to be at odds with her testimony that she managed almost everything in the household in which she and Mr. Oglesby lived during those years. In addition, it is noteworthy that although petitioner testified that she became aware in 1986 that her husband had not mailed the returns for the years 1983 through 1985, she evidently did not undertake any responsibility to ensure that the returns for the years 1986 through 1988 were timely filed or that delinquent returns for the years 1983 through 1985 were filed. Based on the entire record as well as our assessment of petitioner's credibility, we conclude that petitioner has not shown that her failure to file returns for the years at issue was due to *382 reasonable cause and not due to willful neglect. See Chilingirian v. Commissioner, supra; Walter v. Commissioner, supra. Accordingly, we sustain the addition to tax for failure to file determined by respondent for each of those years. Additions to Tax for Negligence
Petitioner has the burden of proving that the additions to tax for negligence determined by respondent are erroneous. Rule 142(a); Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179. Negligence has been defined as a lack of due care or a failure to do what a reasonable person would do under the circumstances. Leuhsler v. Commissioner, supra.The failure to file timely a return is prima facie evidence of negligence. Emmons v. Commissioner, 92 T.C. 342, 349 (1989), affd. 898 F.2d 50 (5th Cir. 1990); see Condor Intl., Inc. v. Commissioner, 98 T.C. 203, 225 (1992). This is because a reasonable and prudent person would ordinarily *383 comply with the filing deadline. Emmons v. Commissioner, supra.Thus, where there is a failure to file timely, the additions to tax for negligence will be upheld unless the taxpayer can demonstrate that the failure to file was reasonable or that he or she acted with ordinary prudence. Condor Intl., Inc. v. Commissioner, supra.
In the present case, petitioner failed to file returns for any of the years at issue. For the reasons discussed above, petitioner has not proven that her failure to file was reasonable or that she acted with ordinary prudence. Therefore, she has not overcome the prima facie evidence of negligence established by her failure to file. Id.; Emmons v. Commissioner, supra.
Based on the entire record as well as our determination regarding petitioner's credibility, we conclude that petitioner has not satisfied her burden of proving that the underpayment of tax for each of the years at issue was due to reasonable cause. Consequently, we sustain the additions to tax for negligence determined by respondent for each of those years. Additions to Tax *384 for Failure to Pay Estimated Tax
Petitioner presented no evidence and, except for the broad assertion on brief that she should not be liable for "penalties due to the fact that moneys were withheld from her pay", made no argument on the additions to tax for failure to pay estimated tax determined by respondent. Accordingly, we sustain the addition to tax under section 6654(a) for each of the years at issue except 1987, as determined by respondent. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Computations for additions to tax for fraud for each year at issue were included as part of an attachment to the notice of deficiency, but no such additions were set forth in the notice itself. Respondent bears the burden of proof in respect of fraud, and that burden is to be carried by clear and convincing evidence. Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure.↩ Respondent did not affirmatively plead fraud in her answer. Nor did she present any evidence or make any argument relating to fraud. Accordingly, we conclude that the issue of fraud is not involved in this case.
2. All section references are to the Internal Revenue Code as in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the portion of the underpayment attributable to negligence. Respondent determined that $ 1,812, $ 1,474, $ 1,251, $ 1.073, and $ 1,547 of the underpayments for the years 1983 through 1987, respectively, were attributable to negligence.↩
3. Although it is not altogether clear, petitioner may also be, and we assume she is, claiming dependency exemptions for these children for 1987 and 1988.↩
4. However, sec. 1.163-1(b), Income Tax Regs., provides: Interest paid by the taxpayer on a mortgage upon real estate of which he is the legal or equitable owner, even though the taxpayer is not directly liable upon the bond or note secured by such mortgage, may be deducted as interest on his indebtedness.* * *↩
Petitioner did not present any evidence that she was the legal or equitable owner of the mortgaged property during the years at issue.
5. Assuming arguendo that petitioner did provide adequate substantiation to support a deduction for mortgage interest, petitioner still would not be entitled to such a deduction for any of the years at issue. The deduction for interest is an itemized deduction. See sec. 63. Sec. 63(g)(1) (sec. 63(e)(1) for 1987 and 1988) provides that no itemized deductions shall be allowed unless the taxpayer makes an election to itemize deductions. Sec. 63(g)(4) (sec. 63(e)(2) for 1987 and 1988) provides that the election to itemize deductions shall be made on the taxpayer's return. See sec. 1.63-1, Income Tax Regs. Because petitioner did not file a return for any of the years at issue, she did not make the required election for any of those years. Therefore, petitioner is not entitled to any itemized deductions for those years, including any deductions for mortgage interest. O'Gwynn v. Commissioner, T.C. Memo 1989-250; Jones v. Commissioner, T.C. Memo. 1988-542. Petitioner claims on brief that sec. 63 is unconstitutional because it conditions her ability to itemize deductions on her husband's electing to itemize and therefore discriminates on the basis of gender. Petitioner's argument is frivolous. Sec. 63 is gender neutral.↩