T.C. Memo. 2013-162

UNITED STATES TAX COURT

BESSIE M. BUCHANAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27202-10.                           Filed July 3, 2013.

Bessie M. Buchanan, pro se.

<u>Karen O. Myrick</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  On December 8, 2010, petitioner filed a petition with the

Court for review of a final determination dated October 7, 2010, denying her

request for relief from joint and several liability for tax year 2007.[1]  After

_____

[1]Unless otherwise indicated, all section references are to the Internal
                                                          (continued...)

[*2] concessions by the parties,[2] the only issue properly before the Court is whether petitioner is entitled to relief under section 6015(b), (c), or (f) from joint and several liability for an understatement of tax for the 2007 tax year.

FINDINGS OF FACT

Some of the facts are stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Missouri when she petitioned the Court.

Petitioner married Wayne Buchanan in 1975. Petitioner and Mr. Buchanan started living apart in 1975 but remained legally married and were not legally separated during the tax year at issue. Petitioner and Mr. Buchanan had at least one daughter together.

Mr. Buchanan suffered a stroke and was moved into a nursing home sometime before the 2007 tax year. The stroke left him immobile and with limited speaking ability. Petitioner visited Mr. Buchanan and would sometimes purchase

---

[1](...continued)
Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent conceded that a third-party income statement had been improperly matched to Mr. Buchanan and he did not earn $1,064 during the 2007 tax year. Petitioner conceded that $51 of interest income solely attributable to her was not reported on their 2007 Federal income tax return.

[*3] small gifts for him. During the visits petitioner would turn Mr. Buchanan to help prevent bedsores because he could not move himself.

Petitioner did not pay for any of Mr. Buchanan's support. Mr. Buchanan received Social Security income, which was assigned directly to the nursing home for his care and maintenance.[3] Any Social Security income remaining after payment to the nursing home was directed into a savings account on Mr. Buchanan's behalf. The account was not shared with petitioner. Petitioner was unaware of the amount of Social Security income Mr. Buchanan was receiving. Petitioner was, however, aware that she did not support Mr. Buchanan and that his benefits paid the nursing home expenses.

Petitioner elected head of household filing status on her Federal income tax returns for several years before 2006. For 2006 she asked her tax return preparer whether she could claim Mr. Buchanan as a dependent.[4] The preparer answered affirmatively. The preparer used married filing jointly filing status on petitioner's 2006 Federal income tax return instead of having her claim Mr. Buchanan as a

---

[3]Mr. Buchanan granted power of attorney to their daughter, who coordinated his care and payment of his nursing home and medical expenses.

[4]Petitioner's description of a "dependent" indicates that she intended Mr. Buchanan to be treated as a dependent as defined by sec. 152 such that she would be entitled to deductions for personal exemptions described in sec. 151.

[*4] dependent.  Petitioner also claimed several exemptions for other people on her 2006 tax return.  After the tax return preparer completed the return, petitioner took it to Mr. Buchanan at the nursing home.  Petitioner explained to Mr. Buchanan that she was going to claim him as a dependent and asked him to sign the 2006 return.  He struggled with the signature because of his physical limitations, but he signed the return.

Petitioner followed a similar process for the 2007 tax year.  Petitioner used married filing jointly status and claimed two exemptions:  one for herself and one for Mr. Buchanan.  Petitioner again took the finished return to Mr. Buchanan for him to sign.[5]

Petitioner and respondent have stipulated that petitioner did not intend to elect married filing jointly status for her 2007 Federal tax return; instead, she intended to use the married filing separate status and claim Mr. Buchanan as a dependent.[6]  Petitioner felt that remaining married to Mr. Buchanan, physically helping him, and purchasing small gifts for him should allow her to claim him as a

---

[5]Mr. Buchanan died in 2011 or 2012, after petitioner filed her request for innocent spouse relief and her petition with the Court.

[6]Petitioner could not legally use the married filing separate status and claim Mr. Buchanan as a dependent because he was her spouse.  See sec. 152(d)(2)(H).  Accordingly, the stipulation was wholly based on a mistake of law.

[*5] dependent. Her return, however, did not reflect her intent to file separately claiming Mr. Buchanan as a dependent but rather an intent to file jointly.

On August 31, 2009, respondent sent petitioner a notice proposing an increase in tax for the 2007 tax year.[7] Later, on November 23, 2009, respondent mailed petitioner a notice of deficiency for the 2007 tax year. The deficiency notice determined a deficiency in tax based on Mr. Buchanan's Social Security income. Petitioner did not file a petition with the Court challenging the notice of deficiency but responded to the notice by submitting a Form 8857, Request for Innocent Spouse Relief, on December 28, 2009, seeking relief from joint and several liability under section 6015.

On May 7, 2010, respondent made a preliminary determination that relief would be denied under section 6015(b), (c), and (f) for the 2007 tax year. On June 4, 2010, petitioner submitted a Form 12509, Statement of Disagreement, and sought Appeals review of the determination. Respondent issued a final determination letter on October 7, 2010, denying petitioner's appeal under section 6015(b), (c), and (f). Petitioner filed a petition with the Court on December 8, 2010, seeking review of respondent's final determination.

---

[7]Respondent had also proposed an increase in tax for petitioner for the 2006 tax year that resulted from unreported income, but petitioner did not file a petition for that year.

**[*6]**                                    OPINION

Petitioner did not petition this Court to redetermine the deficiency for the 2007 tax year. Rather, petitioner asks the Court to review the final determination denying her relief from joint and several liability for 2007. Thus, the only issue properly before the Court is whether petitioner is entitled to relief from joint and several liability under section 6015.

Under section 6013(d)(3), a husband and wife filing a joint return are jointly and severally liable for all tax for the taxable year, including interest. Petitioner claims that she is entitled to relief under section 6015 from the tax liability reflected on the notice of deficiency dated November 23, 2009, for tax year 2007. Except as otherwise provided in section 6015, the spouse requesting relief generally bears the burden of proof. Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), aff'd, 101 Fed. Appx. 34 (6th Cir. 2004).

Section 6015 relieves a spouse of joint and several liability in three situations: (1) if the spouse did not know or have reason to know of a tax understatement when the return was signed and satisfies other conditions; (2) if a divorced or separated spouse seeks to limit individual liability to the portion of the deficiency attributable to him or her; and (3) in the case of a deficiency or of any unpaid tax, if it is inequitable to hold the spouse liable for the tax and if relief is

[*7] unavailable to the taxpayer under the other two provisions. See sec. 6015(b), (c), (f).

I.  Relief Under Section 6015(b)

Under section 6015(b), a taxpayer seeking relief from joint and several liability must meet five conditions:  (1) a joint return must have been filed for the taxable year; (2) there is an understatement of tax attributable to an erroneous item of the taxpayer's spouse; (3) the taxpayer establishes that in signing the return he or she either did not know, or have reason to know, of the understatement; (4) it is inequitable to hold the taxpayer liable for the deficiency attributable to the understatement; and (5) the taxpayer timely elects the benefits of section 6015(b). A taxpayer must satisfy all five requirements to qualify for relief.  See Alt v. Commissioner, 119 T.C. at 313.

Respondent concedes that petitioner meets the election and attribution requirements for Mr. Buchanan's 2007 Social Security income.  Therefore, for petitioner to qualify for section 6015(b) relief, she must prove that she filed a joint return, she did not know or have reason to know that there was an understatement of tax, and it would be inequitable to hold her liable for the tax.

Respondent and petitioner have stipulated that petitioner did not intend to file a joint return for the 2007 tax year.  Respondent points to the stipulation to

[*8] show that petitioner did not file a joint return for the 2007 tax year and therefore is not eligible for relief under section 6015.

Respondent took the position that petitioner's Federal tax return should not be treated as a joint return for purposes of section 6015 relief even though she appeared to elect joint status. Respondent relies on caselaw to contend that the question of whether a return is a joint return is primarily one of intent, and the question of the spouses' intent is one of fact. See, e.g., Sharwell v. Commissioner, 419 F.2d 1057, 1059 (6th Cir. 1969); Estate of Campbell v. Commissioner, 56 T.C. 1, 12 (1971); Brown v. Commissioner, 24 T.C. 256, 265 (1955). Petitioner and respondent have stipulated that petitioner did not intend to file a joint return. Respondent contends that this stipulation precludes petitioner from obtaining section 6015 relief.

However, respondent's interpretation of the caselaw is misguided. The question of intent arises only when a joint return is filed without the signatures of both parties. Put plainly, the question of intent is used to distinguish between a spouse who did not sign a return but still wished to be bound by the return and a spouse who did not sign the return specifically because that person did not want to be bound by the document. The caselaw may not be used to allow a taxpayer to invalidate an otherwise properly signed joint return.

**[*9]** Petitioner's signature is not missing from the return. In fact, petitioner obtained the return from her preparer, signed it herself, and procured a signature from Mr. Buchanan.[8] She did not present any evidence suggesting that she did not want to be bound by the Federal tax return she signed. Instead, petitioner offers only a stipulation--made well after the return was filed--based on a mistake. See supra note 6. The stipulation of intent does not change the status of the 2007 return because both spouses signed the return and it would impermissibly stretch caselaw to allow petitioner to avoid the consequences of executing her tax return. Accordingly, petitioner filed a joint return and meets the first requirement of section 6015(b) for the 2007 tax year.

Petitioner does not satisfy the remaining requirements of section 6015(b) because she had reason to know of the understatement. See sec. 6015(b)(1)(C). A spouse has reason to know of the understatement if a "reasonably prudent taxpayer in her position at the time she signed the return could be expected to know that the return contained the * * * understatement." Price v. Commissioner, 887 F.2d 959, 965 (9th Cir. 1989); see also sec. 1.6015-2(c), Income Tax Regs. Factors to

---

[8]This action would be unnecessary if petitioner intended to file separately from Mr. Buchanan. The 2007 Form 1040, U.S. Individual Income Tax Return, signed by both petitioner and Mr. Buchanan, specifically and in bold says that a spouse's signature is required for a joint return. The instructions are limited to joint returns and do not apply to other filing statuses.

[*10] consider in analyzing whether a spouse had reason to know of the understatement include: (1) the spouse's level of education; (2) the spouse's involvement in the family's business and financial affairs; (3) the presence of expenditures that appear lavish or unusual when compared to the family's past levels of income, standard of living, and spending patterns; and (4) the culpable spouse's evasiveness and deceit concerning the couples' finances. Price v. Commissioner, 887 F.2d at 965.

Petitioner has a high school education and previously prepared her own Federal tax returns. She filed using the head of household status for several years and often claimed exemptions for people she supported. Petitioner was aware that Mr. Buchanan was living in a nursing home and that the nursing home cost money. She was aware that she did not pay for his support and that Mr. Buchanan's Social Security benefits covered the entire cost of his nursing home care. Petitioner may not have known the exact amount, but she was aware that Mr. Buchanan was receiving income. A reasonably prudent taxpayer in her position should be expected to know that the return contained the understatement because she was aware of the item of income that gave rise to the deficiency. In addition, petitioner had reason to know that Mr. Buchanan did not otherwise file any other return reporting his Social Security income. Petitioner has not met her burden of

[*11] proving that she did not know, or have reason to know, of the understatement. Thus, petitioner does not qualify for relief under section 6015(b) for the 2007 tax year.

## II. Relief Under Section 6015(c)

Under section 6015(c), a divorced or separated spouse may elect to limit liability for a deficiency on a joint return to the portion allocable to him or her. A taxpayer can make a valid election only if: (1) the taxpayer is no longer married to, is not part of the same household of, or is legally separated from, his or her spouse; (2) the taxpayer makes a timely election; and (3) the Secretary does not demonstrate that the taxpayer had actual knowledge at the time the taxpayer signed the return of an item giving rise to a deficiency. Sec. 6015(c)(3)(A), (B), and (C).

Petitioner is not eligible to make the election because she and Mr. Buchanan were still married, were each considered part of the same household, and were not legally separated at the time of election. Sec. 6015(c)(3)(A)(i)(I) and (II). Petitioner and Mr. Buchanan were physically separated but remained legally married at the time she filed her section 6015(c) election using Form 8857 on December 28, 2008. Under section 1.6015-3(b)(3)(ii), Income Tax Regs., spouses living in separate dwellings are considered to be of the same household if they are

[*12] not estranged.  Petitioner lived in a separate dwelling from Mr. Buchanan, but they were not estranged.  Cf. Robinson v. Commissioner, T.C. Memo. 1994-557.  Petitioner showed compassion toward Mr. Buchanan by visiting him in the nursing home and performing small favors for him.  As a result, they were part of the same household.  Accordingly, petitioner does not meet the first requirement to make a valid section 6015(c) election and cannot receive relief under subsection (c).  See sec. 6015(c)(3)(A)(i).

III.  Relief Under Section 6015(f)

If relief is not available under section 6015(b) or (c), section 6015(f) provides that the Commissioner may grant equitable relief from joint and several liability if he finds that, taking into account all of the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or deficiency.  In cases brought under section 6015(f), the Court applies a de novo standard of review as well as a de novo scope of review.  See Porter v. Commissioner, 132 T.C. 203, 208 (2009).  Petitioner bears the burden of proving that she is entitled to equitable relief under section 6015(f).  See Rule 142(a).  In addition, the Court has jurisdiction to determine whether a taxpayer is entitled to equitable relief under section 6015(f).  Sec. 6015(e)(1)(A).

[*13] Pursuant to section 6105(f), the Commissioner has issued revenue procedures the Commissioner uses in determining whether a taxpayer is entitled to relief from joint and several liability. <u>See</u> Rev. Proc. 2003-61, 2003-2 C.B. 296, <u>modifying and superseding</u> Rev. Proc. 2000-15, 2000-1 C.B. 477.[9] Rev. Proc. 2003-61, <u>supra</u>, lists factors the Commissioner considers in determining whether to grant section 6015(f) relief. The Court may consider these guidelines but is not bound by them.

Rev. Proc. 2003-61, <u>supra</u>, provides a three-step analysis to follow in evaluating a request for relief. The first step includes seven threshold conditions that must be met to request equitable relief under section 6015(f). Respondent concedes five of the seven conditions but maintains that petitioner did not file a joint return and that the income tax liability for which she seeks relief is attributable to her.[10] As discussed above, petitioner filed a joint return. Further, the only item of income in dispute is Mr. Buchanan's Social Security

---

[9]On January 6, 2012, the Commissioner released Notice 2012-8, 2012-4 I.R.B. 309, concerning a proposed revenue procedure that if finalized would revise the factors to be examined in determining a requesting spouse's claim for equitable relief.

[10]Respondent conceded five of the seven conditions required in Notice 2012-8, <u>supra</u>, which, for purposes of this case, are substantially the same as the conditions in Rev. Proc. 2003-61, 2003-2 C.B. 296.

[*14] income.[11]  Respondent concedes that the Social Security income is entirely attributable to Mr. Buchanan.  Thus, petitioner meets the seven threshold conditions for equitable relief under Rev. Proc. 2003-61, supra, and Notice 2012-8, 2012-4 I.R.B. 309.

The second step of Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298, provides three conditions that if met will ordinarily qualify a requesting spouse for relief under section 6015(f) with respect to an underpayment of a properly reported liability.  This step is inapplicable to petitioner because she did not properly report the liability.  She did not include Mr. Buchanan's Social Security income on her 2007 tax return and is not eligible for section 6015(f) relief under Rev. Proc. 2003-61, sec. 4.02.

When the requesting spouse satisfies the seven threshold conditions but does not qualify for relief under Rev. Proc. 2003-61, sec. 4.02, he or she may still be eligible for equitable relief under section 6015(f).  Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. at 298.  A requesting spouse is eligible for relief if, taking into account all facts and circumstances, it is inequitable to hold the requesting spouse liable for the underpayment.  Rev. Proc. 2003-61, sec. 4.03(2)(a), contains a nonexclusive list of factors that the Commissioner considers when determining

---

[11]Petitioner conceded that all of the interest income was attributable to her.

[*15] whether to grant equitable relief.  These factors are:  (1) marital status; (2) economic hardship; (3) in the case of a deficiency, knowledge or reason to know of the item giving rise to the deficiency; (4) the nonrequesting spouse's legal obligation; (5) significant benefit; (6) compliance with tax laws; (7) spousal abuse; and (8) mental and physical health of the nonrequesting spouse.  This test cannot be applied mechanically.  No single factor is determinative, and all factors are considered and weighed appropriately.  Haigh v. Commissioner, T.C. Memo. 2009-140.

Only two of the eight factors, petitioner's marital status and her compliance with tax laws, support granting relief.  However, after considering all the facts and circumstances, the Court finds that petitioner significantly benefited from filing a joint return.

When determining whether a requesting spouse significantly benefited, directly or indirectly, from the understatement, the fact that the requesting spouse received a benefit on the return from the understatement may be taken into account.  Sec. 1.6015-2(d), Income Tax Regs.  Petitioner benefited from filing a joint return with Mr. Buchanan.  Petitioner decreased her taxable income through the standard deduction for the married filing jointly filing status and an additional personal exemption for Mr. Buchanan.  In addition, petitioner decreased her tax

**[*16]** rate to the lower rate imposed on the married filing jointly filing status. Therefore, even though petitioner did not receive Mr. Buchanan's unreported Social Security income, which was assigned directly to his nursing home and personal account, she indirectly benefited from filing a joint return with him. Accordingly, the Court finds that petitioner is not entitled to relief from joint and several liability under section 6015(f) for the 2007 tax year.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.